ALLEN, Appellant, vs. McRAE and another, Respondents.

*May 10—June 10, 1904.*

*Action: Consolidation: Dismissal of separate action.*

An order consolidating separate actions brought by several creditors of a deceased debtor to subject certain real estate to sale for the benefit of all his creditors, merged such actions into one, which superseded them, and the plaintiff in one of the original actions was not aggrieved by a judgment dismissing it without costs.

APPEAL from a judgment and an order of the circuit court for Chippewa county: A. J. VINJE, Circuit Judge. *Affirmed.*

Allen v. McRae, 122 Wis. 246.

Appellant brought this action in March, 1894, alleging that respondent *Alice McRae* held title to certain real estate, acquired in June, 1883, by warranty deed from I. H. Goddard and others, but that Hiram S. Allen, deceased, was the real purchaser, who paid the full consideration; that the conveyance was made to and in the name of respondent to hinder and defraud the creditors of the deceased; and that the deceased was then heavily indebted and wholly insolvent. The action was brought by appellant as a creditor of the deceased, in behalf of herself and all other creditors, to subject this property to sale, under sec. 3835, Stats. 1898. The complaint was demurred to, and the order overruling the demurrer was sustained upon appeal to this court, and a remittitur was filed December 26, 1895. No answer was filed in the action, and no further proceedings were taken, except that one of the respondents was examined under sec. 4096, Stats. 1898, and the cause was put upon the calendar of the trial court at a number of subsequent terms. April 23, 1902, the court, on its own motion, dismissed the action for want of prosecution, and on May 5, 1902, entered judgment of dismissal.

In February, 1903, appellant made an application for reinstatement of the case, which was denied. Upon this application it was shown that Hiram S. Allen was insolvent at the time of his death, and that no assets came into the hands of the administrator for the payment of his debts. Appellant, it seems, is wholly unfamiliar with legal procedure and the conduct of cases in court. She employed counsel to protect and enforce her rights, and urged them to prosecute the action without delay. She was advised that all necessary steps in this respect were being taken. When the action was dismissed, she was informed that the prosecution had been unnecessarily and negligently delayed by counsel who were in her employ before she retained Mr. Bowe, in May, 1902. Immediately after Mr. Bowe was employed, he negotiated with respondents for a settlement of the case, and until Oc-

tober, 1902, was led to believe that one might be made. On a definite refusal to settle, steps were taken to reinstate the case.

It also appears that the court in 1897, by order, consolidated this action with two other actions brought against respondents—one by Leroy H. Miner, a creditor of H. S. Allen, deceased, and another brought by the administrator of the estate of H. S. Allen, deceased. These two actions were also brought to subject this real estate to sale for the benefit of the creditors of the deceased. The order of consolidation has not been modified or vacated, and remains in force.

This is an appeal from the judgment dismissing this action, and an appeal from the order refusing to vacate the judgment and reinstate the case.

*W. F. Bailey,* for the appellant.

For the respondents there was a brief by *Connor & Leonard,* and oral argument by *J. T. Connor.*

SIEBECKER, J.    In 1894 appellant, as a creditor of H. S. Allen, deceased, commenced this action to subject certain real estate to sale, under sec. 3835, Stats. 1898, for the benefit of herself and all other creditors of H. S. Allen, deceased. She charged that H. S. Allen in fact purchased and paid for this real estate, but that the conveyance thereof was made in the name of respondent *Alice G. McRae* under a fraudulent agreement with her that the property should be conveyed and held by her in trust for him and for his benefit, for the purpose of hindering and defrauding his creditors. It is alleged that he was then heavily indebted and wholly insolvent, and that he left no estate at the time of his death for the payment of his debts. Respondents' demurrer to the cause of action was overruled, which ruling was sustained by this court and the cause remitted to the trial court in December, 1895. No answer was filed in the case, and on May 5, 1902, a judgment of dismissal was entered by the court upon the order, made

on its own motion, dismissing the case for want of prosecution.

It appears that two other actions had been brought at about the same time—one by Leroy H. Miner, a creditor of H. S. Allen, deceased, and another by the administrator of the estate of H. S. Allen, deceased—against these respondents and a creditor of the deceased, upon the same grounds as are alleged in this case and for the same purpose, namely, to subject this real estate to sale for the benefit of all the creditors of the deceased. In 1897 the court, by order, consolidated these actions, under sec. 2792, Stats. 1898. It is material to ascertain the effect of this consolidation. The statute provides:

"When two or more actions are pending in the same court, which might have been joined, the court . . . shall, if no sufficient cause be shown to the contrary, consolidate them into one by order."

This statute has been construed to invest trial courts with power, to be exercised under a reasonable discretion, to consolidate separate actions pending in their courts, when the causes of action stated could have been joined. *Blesch v. C. & N. W. R. Co.* 44 Wis. 593. The cause of action in the several suits against respondents was the same cause asserted by different parties, who all sought the same end, namely, to subject the same real estate to sale for the benefit of all the creditors of H. S. Allen, deceased. Had the plaintiffs in all the actions been made parties to one of them, no difficulty would have been encountered in litigating all questions in one suit, and by the judgment to have established the rights of all as to the subject in controversy. Under these circumstances, occasion was presented to the trial court for ordering the three actions consolidated into one. The effect of this order was to merge the three actions into one, which should be entitled and prosecuted as ordered by the court. By this order these actions were superseded by another, and were thus terminated as independent and separate actions. *Eau Claire*

*F. & S. Co. v. Laycock,* 92 Wis. 81, 65 N. W. 732; *Harrigan v. Gilchrist,* 121 Wis. 127, 99 N. W. 909. After such consolidation there is but one suit between all the parties included in the order of consolidation, which upon trial must result in one finding and one judgment. *Capron v. Adams Co.* 43 Wis. 613; *Browne v. Hickie,* 68 Iowa, 330, 27 N. W. 276; *Hiscox v. N. Y. Staats Zeitung,* 30 Abbott, N. C. 131; 8 Cyc. 606; 4 Ency. Pl. & Pr. 701, tit. "EFFECT OF CONSOLIDATION." This result precluded appellant from taking any further steps in this, her original action, which for all purposes of procedure had no further existence. *Harrigan v. Gilchrist, supra.*

The fact that the court entered judgment of dismissal, without costs or awarding any other relief, in no way affected any legal rights of the parties to the action as originally commenced; hence neither party can be aggrieved thereby. Under these circumstances, there is no occasion for this court to interfere with the judgment as entered of record in the trial court.

These considerations bearing upon the appeal from the judgment are equally applicable and decisive of the appeal from the order of the court refusing to reinstate the case as an independent and separate action, and any further discussion is unnecessary.

*By the Court.*—The judgment and order appealed from are affirmed.