MARTIN, Plaintiff in error, v. STATE, Defendant in error.

*No. State 52. Argued October 9, 1970.—Decided November 3, 1970.*
(Also reported in 180 N. W. 2d 552.)

For the plaintiff in error there was a brief and oral argument by *Edward J. Hart* of Waupaca.

For the defendant in error the cause was argued by *Betty R. Brown,* assistant attorney general, with whom on the brief were *Robert W. Warren,* attorney general, and *Richard E. Johnson,* district attorney of Waupaca county.

CONNOR T. HANSEN, J.   On the evening of February 2, 1968, some members of a motorcycle club congregated at an abandoned cheese factory in Waupaca county. Defendant, although not a member of the club, was at the gathering.   It appears there was considerable drinking and some taking of "dope."   Some of those in attendance brought various types of guns which were used off and on for target practice.

The group brought with them a girl from Milwaukee. She was eventually shot in the arm.   The investigation of this happening resulted in the arrest and conviction of the defendant.   The girl, in complaining of the incident to the district attorney, stated the defendant pointed a

gun at her and said he was going to shoot her. He fired one shot and missed. He then made her stand on a table, wrapped a rope around her neck and said he was going to hang her. One of the other members of the group intervened and the girl was let down. The defendant then ordered her to perform an unnatural sex act with the person who had intervened in her behalf on the hanging incident. She refused, and the defendant again said he was going to shoot her. He fired a shot which barely missed her head and a second shot which struck her in the shoulder.

The defendant was originally charged with conduct regardless of human life, contrary to the provisions of sec. 940.23, Stats.

### Appointment of counsel.

On February 5, 1968, the defendant made his initial appearance before a municipal justice. The defendant was advised of his right to counsel and the case transferred to county court. The only county judge in Waupaca county would not be available for several days; therefore, later the same day the defendant again appeared before the municipal justice who determined the defendant was indigent and appointed counsel for him.

Defendant correctly contends that the municipal justice had no statutory authority to appoint counsel. Sec. 957.26 (2), Stats., provides: "Courts of record and magistrates who are judges of courts of record shall, . . . appoint counsel. . . ." However, it does not follow that because the municipal justice had no statutory authority to appoint counsel, that the defendant was deprived of his constitutional right to counsel.

In *Jones v. State* (1967), 37 Wis. 2d 56, 69, 154 N. W. 2d 278, 155 N. W. 2d 571, this court held that counsel for an indigent defendant must be appointed at the time of his initial appearance before a magistrate:

". . . [W]e adopt a rule, for prospective application only, that at an indigent defendant's initial appearance before a court or magistrate he be advised of his right to counsel and that counsel be appointed at that time unless intelligently waived." [1]

In the instant case, although counsel was not appointed as authorized by sec. 957.26 (2), Stats., the defendant was not denied assistance of effective counsel. Counsel for the defendant was appointed on the day of his initial appearance before the magistrate. The trial court in discussing the effect of sec. 957.26 (2), indicated that a county might refuse to compensate counsel appointed by a municipal justice, except as authorized by a directive of a judge of a court of record, but correctly ruled that such appointment did not deny the defendant his constitutional right to the assistance of counsel.

### Withdrawal of plea.

The defendant contends his guilty plea was involuntary and that it was entered without knowledge of the sentence that could be imposed. *State v. Reppin* (1967), 35 Wis. 2d 377, 385, 151 N. W. 2d 9. To support this assertion, the defendant alleges: That he did not freely, voluntarily and intelligently enter a plea of guilty because it was induced by his counsel; that he denied intent to injure the girl and told his attorney he wanted a jury trial; that his attorney did not make an independent investigation of the evidence but concluded at his first interview the defendant was guilty and that he would negotiate with the district attorney; that his attorney informed him he would get a two-year sentence, or less, on the reduced charge. The defendant supported these allegations by his testimony at the hearing on the withdrawal of his plea.

---

[1] "Where magistrates make such appointments they should do so under the direction of a trial court. In Milwaukee county such appointments should be made consistent with the procedure set forth in sec. 957.26 (2), Stats." *Jones v. State, supra,* footnote 14.

At the same hearing his trial counsel testified he had conferences with the defendant on February 6, 9 and 16, 1968. Counsel testified that he and the defendant discussed the facts and circumstances of the alleged crime and that defendant told him he did not intend to shoot the girl but was shooting at her to see how close he could come, and that from the way the defendant explained the incident to him he did not think this was a defense to the crime charged. He also testified that at the initial interview, and at the second one, he told the defendant he was subject to a ten-year sentence if found guilty; that he had done research on the case; and that prior to the second conference had discussed the case with the district attorney in an attempt to reduce the charge. Among other things, he testified the defendant wanted a jury trial on the more serious charge, but that the defendant said he would probably plead guilty if there was a possibility that he could plead to a lesser charge and be sentenced to the reformatory rather than the state prison. Counsel testified that at the third conference he told the defendant that the district attorney was willing to charge him with aggravated battery in the event he entered a plea of guilty and that the defendant said he would plead guilty to the lesser charge, and did not thereafter change his mind.

The record also discloses that before accepting the plea, the trial court inquired of the defendant as to whether it was voluntary, and the defendant stated it was.

At the hearing on plea withdrawal, the trial court found:

"The contention of the defendant that he did not freely, voluntarily, intelligently and understandingly enter a plea of guilty to the information because the defendant was wrongfully advised by his purported attorney to enter a plea of guilty to the charge, although he always told his attorney that he had not intentionally shot the victim involved,—is unfounded and contrary to the record."

With regard to the defendant's contention that he was not aware at the time he pleaded guilty that the sentence imposed could be imposed, the record shows that before accepting defendant's guilty plea the trial judge asked counsel whether he had explained to the defendant the nature and maximum sentence of the crime charged. Counsel stated that he had.

At the hearing on the motion to withdraw his guilty plea, defendant testified that his trial counsel told him he couldn't be sentenced to more than two years if he pleaded guilty to the reduced charge. Counsel testified that he had told the defendant prior to the time he pleaded guilty that the maximum penalty on the reduced charge was five years, but that he would probably be eligible for parole in two or two and one-half years. The trial court found that counsel did not inform the defendant that he would receive a sentence of two years if he pleaded guilty.

In *Ernst v. State* (1969), 43 Wis. 2d 661, 170 N. W. 2d 713, this court held that before accepting a plea of guilty the trial court must establish the defendant's understanding of the permissible range of punishments for the crime charged. In this case the trial court questioned the defendant's attorney whether he had explained to the defendant the maximum sentence. The mandatory standard set forth in *Ernst* requires the trial court to question the defendant himself regarding his understanding of the maximum sentence; however, the guilty plea in this case was entered prior to the *Ernst* decision. At that time there was no mandatory requirement that the trial court establish the defendant's understanding of the maximum sentence.

". . . This court has not held that such inquiries are necessary where defendant is represented by counsel at time of arraignment. Courts have the right to assume in such a situation that counsel has fulfilled his duty of proper representation by fully explaining to the accused

the nature of the offense charged, the range of penalties, and possible defenses thereto, and satisfying himself that the accused understands such explanations, before permitting the accused to authorize the entry of a plea of guilty. . . ." *State v. Strickland* (1965), 27 Wis. 2d 623, 631, 135 N. W. 2d 295.

"While we recommended in *Strickland* that, though the defendant be represented, the court should nevertheless interrogate the defendant to make sure he has understandingly and intelligently entered the plea, we declined to make such procedure mandatory. . . . Desirable as the inquiries suggested by *Strickland* may be, we are satisfied that the appointment of competent counsel prior to the arraignment gives rise to a presumption that the defendant has been informed of the nature of the offense with which he is charged, the range of punishment, the possible defenses, and that he has understandingly considered these factors with the help of counsel. Such a presumption can be overcome only by a clear showing to the contrary." *State v. Koerner* (1966), 32 Wis. 2d 60, 65, 145 N. W. 2d 157.

In *Cresci v. State* (1967), 36 Wis. 2d 287, 296, 152 N. W. 2d 893, this court stated the following with regard to entering a plea of guilty to a lesser charge as a result of plea bargaining:

"We agree with the statement made by the federal court of appeals for the Ninth circuit in *Cortez v. United States.* The court stated:

" 'The important thing is not that there shall be no "deal" or "bargain," but that the plea shall be a genuine one, by a defendant who is guilty; one who understands his situation, his rights, and the consequences of the plea, and is neither deceived nor coerced.' "

There was credible evidence to support the trial court's finding that the defendant's guilty plea was voluntarily entered. There was also credible evidence to support the trial court's finding that the defendant knew the crime to which he pleaded guilty carried a five-year maximum sentence. This court has held that it will not overturn findings of fact made by a trial court on a

motion to withdraw a guilty plea unless contrary to the great weight and clear preponderance of the evidence. *Ernst v. State, supra.*

*By the Court.*—Order affirmed.