STATE of Wisconsin, Plaintiff-Respondent-Cross Petitioner,

v.

Sterling RACHWAL, Defendant-Appellant-Petitioner.

Supreme Court

*No. 89–1198–CR. Argued October 31, 1990.—Decided January 23, 1991.*

(Also reported in 465 N.W.2d 490.)

495

ABRAHAMSON, J., concurs.

For the defendant-appellant-petitioner there were briefs and oral argument by *Steven D. Phillips,* assistant state public defender.

For the plaintiff-respondent-cross petitioner the cause was argued by *David J. Becker,* assistant attorney general, with whom on the briefs was *Donald J. Hanaway,* attorney general.

STEINMETZ, J. There are two issues in this case. The first issue is whether a plea of no contest to a charge in a criminal complaint embodying a sec. 973.12(1), Stats., "repeater provision" alleging a prior conviction constitutes an admission by the defendant

under the statute of such prior conviction for purposes of sentence enhancement pursuant to sec. 939.62. The circuit court for Outagamie county, Joseph M. Troy, Judge, ruled that such a plea does constitute such an admission.

The second issue is whether, when two criminal actions are joined on motion of the defendant, does the admission of the repeater status alleged in one charge apply also as an admission with respect to the same repeater status alleged in the other charge. The trial court answered in the affirmative. The court of appeals, in an unpublished opinion, reversed and remanded the case for resentencing on the conviction on the charge originating in Outagamie county. We reverse the court of appeals.

*   *   *   *

The defendant, Sterling Rachwal, was charged in Outagamie county· with a felony offense for alleged intentional mistreatment of an animal resulting in the death of the animal, contrary to secs. ·948.02 and 948.18(1), Stats. 1985–86 (now ch. 951). ·The information included a sec. 973.12(1),[1] charge pursuant to sec.

---

[1]Section 973.12(1), Stats., provides as follows:

**973.12 Sentence of a repeater.  (1)** Whenever a person charged with a crime will be a repeater as defined in s. 939.62 if convicted, any prior convictions may be alleged in the complaint, indictment or information or amendments so alleging at any time before or at arraignment and before acceptance of any plea. The court may, upon motion of the district attorney, grant a reasonable time to investigate possible prior convictions before accepting a plea. If such prior convictions are admitted by the defendant or proved by the state, he shall be subject to sentence under s. 939.62 unless he establishes that he was pardoned on grounds of innocence for any crime necessary to constitute him a repeater. An official report of the F.B.I. or any other governmental agency of the United States or of this or any other state shall be prima facie evidence of any conviction

939.62.[2] There is no issue as to whether the "prior convictions" of which sec. 973.12(1) speaks were specifically and accurately set forth within the "repeater provision." The defendant pleaded not guilty to the charge and

or sentence therein reported. Any sentence so reported shall be deemed prima facie to have been fully served in actual confinement or to have been served for such period of time as is shown or is consistent with the report. The court shall take judicial notice of the statutes of the United States and foreign states in determining whether the prior conviction was for a felony or a misdemeanor.

Section 973.12(1), Stats. requirement that the qualifying prior convictions be "admitted by the defendant or proved by the state" is of particular importance in this case.

[2]Section 939.62, Stats., provides, in part:

**Increased penalty for habitual criminality. (1)** If the actor is a repeater, as that term is defined in sub. (2), and the present conviction is for any crime for which imprisonment may be imposed (except for an escape under s. 946.42) the maximum term of imprisonment prescribed by law for that crime may be increased as follows:

(a) A maximum term of one year or less may be increased to not more than 3 years.

(b) A maximum term of more than one year but not more than 10 years may be increased by not more than 2 years if the prior convictions were for misdemeanors and by not more than 6 years if the prior conviction was for a felony.

(c) A maximum term of more than 10 years may be increased by not more than 2 years if the prior convictions were for misdemeanors and by not more than 10 years if the prior conviction was for a felony.

**(2)** The actor is a repeater if he was convicted of a felony during the 5-year period immediately preceding the commission of the crime for which he presently is being sentenced, or if he was convicted of a misdemeanor on 3 separate occasions during that same period, which convictions remain of record and unreversed. It is immaterial that sentence was stayed, withheld or suspended, or that he was pardoned, unless such pardon was granted on the ground of innocence. In computing the preceding 5-year period, time which the actor spent in actual confinement serving a criminal sentence shall be excluded.

waived his right to trial by jury. He was found guilty after a bench trial and was convicted accordingly.

Prior to sentencing, the defendant filed what he denominated as an "Application for Consolidation from Waupaca County," pursuant to sec. 971.09, Stats.[3] In his

---

[3] Section 971.09, Stats., provides as follows:

(1) Any person who admits that he or she has committed crimes in the county in which he or she is in custody and also in another county in this state may apply to the district attorney of the county in which he or she is in custody to be charged with those crimes so that the person may plead guilty and be sentenced for them in the county of custody. The application shall contain a description of all admitted crimes and the name of the county in which each was committed.

(2) Upon receipt of the application the district attorney shall prepare an information charging all the admitted crimes and naming in each count the county where each was committed. He shall send a copy of the information to the district attorney of each other county in which the defendant admits he committed crimes, together with a statement that the defendant has applied to plead guilty in the county of custody. Upon receipt of the information and statement, the district attorney of the other county may execute a consent in writing allowing the defendant to enter a plea of guilty in the county of custody, to the crime charged in the information and committed in the other county, and send it to the district attorney who prepared the information.

(3) The district attorney shall file the information in any court of his county having jurisdiction to try or accept a plea of guilty to the most serious crime alleged therein as to which, if alleged to have been committed in another county, the district attorney of that county has executed a consent as provided in sub. (2). The defendant then may enter a plea of guilty to all offenses alleged to have been committed in the county where the court is located and to all offenses alleged to have been committed in other counties as to which the district attorney has executed a consent under sub. (2). Before entering his plea of guilty, the defendant shall waive in writing any right to be tried in the county where the crime was committed. The district attorney of the county where the crime was committed need not be present when the plea is made but his written consent shall be filed with the court.

(4) Thereupon the court shall enter such judgment, the same

"application," the defendant admitted his guilt as to a misdemeanor charge pending in Waupaca county and "made application to the District Attorney of Waupaca County and to the District Attorney of Outagamie County . . . to be charged with the [misdemeanor], committed in Waupaca county, so that he may plead guilty and be sentenced therefore in Outagamie county."

The Waupaca county complaint contained essentially the same sec. 973.12(1), Stats., "repeater provision" found in the Outagamie county information, setting forth the factual predicate for sec. 939.62 sentence enhancement. As is the case with respect to the Outagamie county information, there is no issue as to whether the "repeater provision" set forth the alleged prior convictions specifically and accurately in the Waupaca county complaint.

The complaint's "repeater provision" specifically alleged that the defendant had been convicted on four misdemeanor charges within the five-year period immediately preceding the commission of the alleged offense on which the complaint was based. Again, these were the very same allegations made in the Outagamie county "repeater provision." The complaint alleged:

> as though all the crimes charged were alleged to have been committed in the county where the court is located, whether or not the court has jurisdiction to try all those crimes to which the defendant has pleaded guilty under this section.
>
> (5) The county where the plea is made shall pay the costs of prosecution if the defendant does not pay them, and is entitled to retain fees for receiving and paying to the state any fine which may be paid by the defendant. The clerk where the plea is made shall file a copy of the judgment of conviction with the clerk in each county where a crime covered by the plea was committed. The district attorney shall then move to dismiss any charges covered by the plea of guilty, which are pending against the defendant in his county, and the same shall thereupon be dismissed.

500

Further, invoking the provisions of sec. 939.62(1)(a) Wisconsin Statutes, the defendant was previously duly convicted of the following offenses in Waupaca County Circuit Court: Convicted of three counts of the misdemeanor crime of mistreating animals, contrary to sec. 948.02 and sec. 948.18(1), Wisconsin Statutes on September 8, 1983,[4] and of one count of the misdemeanor crime of mistreating an animal, contrary to sec. 948.02 and sec. 948.18(1), Wisconsin Statutes on July 26, 1984, which convictions remain of record and unreversed and, therefore, upon conviction of the charged offense and proof of repeater, may be fined not more than $10,000 or imprisoned not more than 3 years, or both.

Considering the defendant's sec. 971.09, Stats., "application for consolidation," the Outagamie county circuit court judge determined that the charge originating in Waupaca county had been properly and effectively combined with the Outagamie county proceeding under the statute for purposes of common disposition and judgment. In reaching this determination, the judge asked the defendant whether he understood that he had "then pending at this time a charge which was charged in Waupaca County but which you and your attorneys have agreed should be handled here in Outagamie County in this courtroom." The defendant responded, "yes." Having determined that a sec. 971.09 consolidation had taken place, the judge proceeded to question the defen-

_____

[4]Section 939.62(2), Stats., speaks of conviction of a misdemeanor on "three separate occasions . . .." According to the language of the information, three of the four prior misdemeanor convictions alleged were obtained on the same date. Nevertheless the requirements of the statute are met, because conviction of a misdemeanor "on 3 separate occasions" requires convictions of three prior misdemeanors," not three separate court appearances. *State v. Wittrock*, 119 Wis. 2d 664, 674, 350 N.W.2d 647 (1984).

dant as to what plea the defendant wished to enter in response to the charge originating in Waupaca county.

The defendant's application for consolidation does not fit directly within the language of sec. 971.09, Stats. The statute requires a plea of guilty to both the primary case and the case being consolidated. In the instant case, the defendant did not plead guilty to the Outagamie county charge. He was found guilty by the court on that charge. However, this case provides a logical extension of the legislative language of sec. 971.09, in that having been found guilty of the Outagamie county charge, the defendant be allowed to petition for consolidation of the Waupaca charge. The plea in the Outagamie county case had already been resolved from a not guilty plea to a guilty finding. The parties did not argue the limiting language of sec. 971.09 to guilty pleas on each charge. The consolidation was done at the request of the defendant and for his convenience after the guilty finding in the case in Outagamie county.

The trial judge expressly drew the defendant's attention to the factual allegations contained in the "repeater provision," according to which the defendant was subject to sentence enhancement if convicted. For instructive purposes, the trial judge specifically referred the defendant to the particularly clear statement of the "repeater provision" originally set forth with the misdemeanor charge initiated in Waupaca county, which charge now was contained within the sec. 971.09, Stats., consolidated proceeding. He advised the defendant that in light of the alleged prior convictions, he faced, for example, up to an additional three years in prison on the misdemeanor charge alone, if convicted of that charge. The judge stated to the defendant:

> It is charged as a misdemeanor which means that for the offense alone there would be normally up

to a nine-month jail sentence and a $10,000 fine or both. But the complaint and charge against you includes allegations that you have previously been convicted sufficiently so that this would be considered a repeater type of an offense which would increase the penalties up to a maximum of zero to three years in prison, from no fine but up to $10,000 in fine or both. Those are the possible penalties that you would face if you would enter a plea to this charge. Do you understand that?

The defendant answered, "Yes."

The court proceeded to ascertain that there had been no plea agreement with the state. The judge informed the defendant of the specific constitutional rights he would be waiving by submitting a plea in conformity with sec. 971.09, Stats., and he ascertained the defendant's understanding of the nature of those rights. The judge then asked the defendant for his plea to the misdemeanor charge. The defendant pleaded no contest or nolo contendere. The court again ascertained the defendant's understanding of the nature of the charge and the fact that, in light of the repeater allegations, any penalties incurred in the action might be enhanced as a result of being found guilty. Determining the defendant was entering his no contest plea freely, voluntarily and intelligently in these matters,[5] the court accepted the plea and found the defendant guilty as charged. The trial judge could have demanded that a guilty plea to the Waupaca county charge be entered to statutorily complete the provisions of sec. 971.09.[6]

[5]*See State v. Reppin,* 35 Wis. 2d 377, 385, 151 N.W.2d 9 (1967); *Martin v. State,* 48 Wis. 2d 604, 608, 180 N.W.2d 552 (1970); *Hoppenrath v. State,* 97 Wis. 2d 449, 454, 293 N.W.2d 910 (1980).

[6]Section 971.09, Stats., assumes that the defendant will

While in the course of taking the defendant's plea the court drew the defendant's attention specifically to the repeater provision, the judge did not directly ask the defendant whether the specified prior convictions existed; nor did the defendant specifically acknowledge the prior convictions. The state offered no proof of any prior conviction of the defendant.

The court proceeded to sentencing on both the felony charge originating in Outagamie county, of which

"plead guilty" and does not refer specifically to the possibility of a no contest plea. As we said in *Ellsworth v. State,* 258 Wis. 636, 638, 46 N.W.2d 746 (1951), however, a plea of no contest, or nolo contendere, is tantamount to a guilty plea for purposes of determining a defendant's guilt. Accordingly, it is of no relevance here that sec. 971.09 speaks of a guilty plea but does not refer specifically to the possibility of a no contest plea. A defendant who submits an application as defined under that section does not fall out of compliance with the section's provisions by pleading no contest instead of guilty as to the matters admitted.

Section 971.09, Stats., also speaks in terms of the district attorney preparing and filing an "information" pursuant to the defendant's application. It is not significant for purposes of the section that the crime admitted was a misdemeanor instead of a felony. The complaint originating in Waupaca county was joined with the Outagamie county file with the information. The two documents were part of one file upon consolidation and the judge treated them accordingly by having them both in front of him when taking defendant's plea. This satisfied the requirement of sub. (2) that "[u]pon receipt of the application the district attorney shall prepare an information charging all the admitted crimes and naming in each count the county where each was committed."

In addition, it is not significant to the issues before us today that *Ellsworth,* which we will consider *infra,* for example, speaks only of an "information" and not of a complaint. *Id.* For our purposes, "information" and "complaint" serve the same function in that each is a charging document.

504

the defendant had been found guilty and convicted, and the misdemeanor charge originating in Waupaca, to which the defendant had pled no contest. The court imposed consecutive, maximum sentences on each of the convictions, fully utilizing the repeater enhancement authorized by sec. 939.62, Stats., on both.

The defendant appealed the sentences arguing that pursuant to sec. 973.12(1), Stats., the evidence of the alleged prior convictions was insufficient to support the sentence enhancements under sec. 939.62. Regarding the sentence on the charge that originated in Outagamie county, the court of appeals agreed with the defendant, holding that the evidence was not sufficient to support the enhanced sentence. The court determined that there had been no proof by the state and no admission by the defendant of the prior convictions alleged in the Outagamie county information. However, the court of appeals upheld the sentence on the charge originating in Waupaca county. Noting that the defendant pleaded no contest to the charge in Waupaca county, the court of appeals found what it called a "constructive admission," determining that such a plea "admits matters alleged in the information when the plea is entered," quoting *Ellsworth v. State,* 258 Wis. 636, 638, 46 N.W.2d 746, 748 (1951).

\* \* \* \*

With regard to the first issue, the fundamental question is whether the record was sufficient to support the trial court's sentencing of the defendant as a repeater, pursuant to sec. 939.62, Stats., based on his prior misdemeanor convictions. Whether the trial court erred in finding an admission by the defendant relates to sec. 973.12(1), which provides that a sentence may be

enhanced for a repeater if the qualifying prior convictions are "admitted by the defendant or proved by the state." The trial court found that the defendant admitted the prior convictions alleged in the Waupaca complaint by virtue of his no contest plea and the statements and answers surrounding his entry of that plea.

In affirming the trial court's determination that the defendant's no contest plea constituted an admission for purposes of sec. 973.12(1), Stats., the court of appeals relied upon *Ellsworth,* 258 Wis. 636. In *Ellsworth,* this court stated: " 'The plea of *nolo contendere* admits matters alleged in the information when the plea is entered, and places the defendant in the same position as though he had pleaded guilty . . ..' " *Id.* at 638.

The court of appeals interpreted *Ellsworth* to mean that a no contest plea admits *all* matters alleged in the charging document, including, as in this case, allegations as to prior convictions. In *Brozosky v. State,* 197 Wis. 446, 222 N.W. 311 (1928), this court stated that a plea of no contest " 'admits for the purposes of the case, all the facts which are well pleaded,' " including allegations as to prior convictions. *Id.* at 452. There is no issue as to whether the allegations regarding the charge originating in Waupaca county were well pleaded.

The defendant argues that *Ellsworth* and *Brozosky* do not apply to this case. In *Ellsworth,* the defendant contends, this court was responding only to that defendant's particular complaint that the state had not introduced any evidence to substantiate the alleged crime itself. That is, the defendant says that, insofar as *Ellsworth* did not involve any "repeater" issue, there is nothing that makes it clear that *Ellsworth* should apply, as here, to the admission of facts pertaining "only" to the defendant's alleged repeater status. The defendant sub-

506

mits that such an "expansive" reading of *Ellsworth* as that suggested by the state cannot be justified. The defendant does not, however, offer any explanation as to the merits of his reasoning.

In addition, the defendant argues that *Brozosky* can be distinguished. He notes that the defendant in *Brozosky* was sentenced not under a separate and distinct repeater statute of the sort at issue in the instant case, but rather under a general penalty provision contained in the statute with which he was charged. That particular enactment contained its own graduated penalty scale providing for enhanced penalties for multiple liquor violations of the statute. The case did not, as here, involve a separate and distinct repeater statute. However, the defendant does not explain the relevance of this distinction for determining whether a no contest plea can constitute an admission under the circumstances surrounding the instant case.

Finally, the defendant argues that this case is controlled by *State v. Farr,* 119 Wis. 2d 651, 350 N.W.2d 640 (1984). In *Farr,* we held that the defendant and his attorney did not admit the previous conviction alleged, even though the defendant and his attorney failed to object to statements and actions at trial of the prosecutor and trial court regarding a prior conviction; the defendant and his attorney contributed to the trial court's understanding that the defendant was being sentenced as a repeater; the defendant and his attorney obviously knew that the defendant had a prior conviction and recognized that he was being sentenced as a repeater. We stated:

> Those circumstances fall short of an admission by the defendant of prior convictions as required by sec. 973.12(1), Stats. The admission may not by statute be inferred nor made by defendant's attorney, but

rather, must be a direct and specific admission by the defendant. The trial court may ask the defendant the direct question while observing the defendant's criminal record before him whether the defendant was convicted on a particular date of a specific crime which was a felony. If that is done, the admission of the defendant as allowed by the statute is satisfied.

*Id.* at 659-60.

The defendant argues that the court of appeals finding of an admission is based upon the sort of "inference" that is proscribed by *Farr.* That is, the defendant contends, the record in this case reveals no "direct and specific admission by the defendant." It follows, the defendant claims, that the court of appeals decision is not in accord with established case law and so must be reversed.

We do not find the defendant's argument persuasive. In *Farr,* that defendant pleaded not guilty to the charge on which he ultimately was sentenced. Thus, to the extent that we follow *Ellsworth* and *Brozosky, Farr* is distinguishable because Farr, insofar as he did not submit a guilty plea, did not admit "all the facts well pleaded." Moreover, at the trial on the merits, the state in *Farr* in effect was asking the court to infer an admission from silence. That is not the situation in this case. Here, the defendant's no contest plea, viewed in the context of the record discussion constituted an affirmative admission of the allegations contained in the complaint. Moreover, *Farr*'s prescription for determining an admission is not necessarily exclusive. *Farr* said that "[t]he trial court *may* ask the defendant the direct question . . . whether the defendant was convicted of a specific crime . . .. If that is done, the admission of the defendant by the statute is satisfied." *Farr,* 119 Wis. 2d at 659 (emphasis added). This does not preclude the trial court

from determining an admission has taken place where the manner of the admission might vary somewhat from that in *Farr*.

The admission in this case was an affirmative one. It was direct and specific, as called for by *Farr*. The trial judge expressly drew the defendant's attention to the repeater nature of the charge and to the fact that the possible penalties the defendant was facing might be enhanced, pursuant to the repeater statute, as a result of the defendant's being found guilty pursuant to his no contest plea. After informing the defendant of his constitutional rights and repeatedly questioning him so as to ascertain that he was submitting his plea freely, voluntarily and intelligently, the trial judge accepted the defendant's unequivocal affirmative answer as to his understanding of his situation. In this light, the colloquy into the defendant's understanding of the meaning of the allegations he was facing can be said to have produced a direct and specific admission.

This conclusion is consistent with that of numerous other jurisdictions, both federal and state, that clearly hold that what is admitted by a guilty or no contest plea is all the material facts alleged in the charging document. *See Larios-Mendez v. Imm. and Naturalization Service,* 597 F.2d 144, 146 (9th Cir. 1979) ("the material facts alleged in the information or complaint"); *Semet v. United States,* 422 F.2d 1269, 1272 (10th Cir. 1970) ("all material facts alleged in the charge"); *In the Matter of Colson,* 412 A.2d 1160, 1164 (D.C. 1979) ("all material facts alleged by the government"); *McCarther v. State,* 211 Kan. 152, 505 P.2d 773, 774 (1973) ("every fact alleged"); *Robinson v. State,* 491 S.W.2d 314, 315 (Mo. 1973) ("all of the facts charged"); *State v. Cook,* 344

N.W.2d 487, 488 (N.D. 1984) ("the facts alleged in the criminal complaint"); *Commonwealth v. Petrillo,* 255 Pa. Super. 225, 386 A.2d 590, 594 (1978) ("all the facts alleged in the indictment or information").[7] While the issue raised in such cases is not a particularly common one, the rule of law that they state, as applied to cases pertaining to admission of prior convictions for purposes of statutory sentence enhancement, is well established.

In *State v. Thompson,* 314 N.C. 618, 336 S.E.2d 78 (1985), the defendant contended that the state failed to establish the existence of aggravating factors necessary to impose "a term of imprisonment greater than the presumptive sentence." *Id.* at 80. The defendant had pled guilty to an indictment that alleged one of the aggravating factors in question. On that basis, the court concluded that the alleged aggravating factor had been sufficiently established, holding that a guilty plea "serves as an admission of all the facts alleged in the indictment of other criminal process" and finding that the defendant had admitted the aggravating factor by virtue of his guilty plea. *Id.* at 624.

The same result was reached in *Worbetz v. Goodman,* 47 N.J. Super. 391, 136 A.2d 1, 9 (1957), where the court held that a plea of guilty to a charge that includes allegations of prior convictions "waives the need for formal proof by the State" of the prior convictions for sentence enhancement purposes. Similarly, in *State v. Culver,* 40 N.J. Super. 427, 123 A.2d 383, 385 (1956), the court held that the defendant's "plea of guilty clearly

---

[7]While the United States Supreme Court has said that a guilty plea "is an admission of all the elements of a formal criminal charge," *McCarthy v. United States,* 394 U.S. 459, 466 (1969), it has not said that a guilty plea or no contest plea necessarily constitutes an admission *only* of the elements of the charge and not also of other facts alleged in the charging document.

amounted to an admission of guilt of the substantive offense, as well as to the incidental accusation of being an habitual criminal."

In *Jennings v. State,* 144 Me. 40, 64 A.2d 184, 187 (1949), the court reached the same result, finding that by submitting a plea of guilty the defendant "formally, solemnly and voluntarily admitted all that a jury trial could possibly achieve," with respect to the charge and the repeater allegation included in the indictment. Moreover, there seems to be no case law from any jurisdiction that holds to the contrary under circumstances where, as in this case, the trial judge fully and expressly informed the defendant that his plea of guilty or nolo contendere subjected the defendant to enhanced penalties because of his alleged repeater status.

The defendant's position is incredible insofar as it argues that he had reason to expect that despite his no contest plea, the state still was required to prove the existence of the prior convictions before he could be sentenced as a repeater. Clearly, the defendant knew his plea would constitute an admission of his prior convictions. The defendant was fully and expressly informed that his no contest plea would subject him to the penalties to which his prior convictions and consequent repeater status rendered him liable. The judge stated to him explicitly that he was subject to sentencing as a repeater upon a finding of guilty. The judge inquired as to the defendant's understanding of the situation. The record shows that the defendant was fully aware of the potential consequences of pleading no contest. He nevertheless chose to enter a no contest plea. He did so freely, voluntarily and intelligently. Presumably, he did so because he honestly knew the allegations as to his prior convictions to be true and because he considered it futile to require proof by the prosecution.

Nothing in the statutes prohibits a trial court from accepting a plea of no contest or guilty as an admission of prior convictions alleged in the action. Section 971.09, Stats., allows a trial court to accept a plea of guilty or no contest where the defendant applies for a consolidation of cases. Under the circumstances of this case, for purposes of sec. 973.12, the defendant's plea of no contest constituted an admission by the defendant of all the facts alleged in the action, including those pertaining to the prior convictions.

The defendant was free to challenge and present evidence at the sentencing hearing to rebut any of the factual allegations in the indictment that could be used to substantiate the "repeater provision." He presented no such rebuttal evidence and never challenged the factual allegations in question. Accordingly, the trial judge was correct in finding that the defendant had admitted the allegations contained in the "repeater provision." In the future, it may be that his plea of guilty or no contest would not constitute an admission, *e.g.*, if the judge does not conduct the questioning as did the judge here so as to ascertain the defendant's understanding of the meaning and potential consequences of such a plea. In such a case, or in a case where the defendant has pled not guilty to the charge, the trial judge might instead seek an admission such as that specifically prescribed in *Farr*. If the defendant makes no admission whatsoever, the state is required by sec. 973.12, Stats., to provide proof as to the defendant's *repeater status as alleged* in order for the trial court to sentence the defendant as a repeater.

We conclude that, under the circumstances of this case, a plea of guilty or no contest to a criminal complaint containing a "repeater provision" alleging a prior

512

conviction constitutes, under sec. 973.12, Stats., an admission by the defendant of such prior conviction so that the state need not prove such prior conviction for purposes of sentence enhancement according to sec. 939.62. While the circumstances here approach the absolute bare minimum necessary for a valid admission, they nevertheless are sufficient.

With respect to the second issue, we note that " 'the essential characteristic of a plea of nolo contendere is that it cannot be used collaterally as an admission.' " *Cross v. State,* 45 Wis. 2d 593, 599, 173 N.W.2d 589 (1970), quoting *State v. Suick,* 195 Wis. 175, 177, 217 N.W. 743 (1928); *Lee v. State Board of Dental Examiners,* 29 Wis. 2d 330, 334, 139 N.W.2d 61 (1966). Collateral use of a no contest plea occurs when the admission is used "in another action" or "in another case," *Suick,* 195 Wis. at 177, *i.e.,* in an action or case wholly independent of and separate from the action or case in which the no contest plea takes place.

We have held that the effect of sec. 971.09, Stats., is to work a consolidation of the charges or pleas. *Peterson v. State,* 54 Wis. 2d 370, 376, 378, 195 N.W.2d 837 (1972). *Pulaski v. State,* 23 Wis. 2d 138, 147, 126 N.W.2d 625 (1964) (involving the predecessor to sec. 971.09, Stats., *i.e.,* sec. 956.01(13) (1963)). In this regard, there is no question but that the Waupaca county charge was consolidated with the Outagamie county charge after the defendant, in his "Application for Consolidation from Waupaca County," invoked the provisions of sec. 971.09. This consolidation occurred before the trial judge's acceptance of the no contest plea. Once the consolidation occurred, the defendant became bound by it and its effects.

The trial court clearly recognized that a consolidation occurred by entering a single judgment disposing of both the Waupaca county charge and the Outagamie county charge. The legal effect of such a consolidation has reasonably been described as follows:

> The word 'consolidation,' used as a legal term, has a clear and definite meaning . . .. The consolidation of actions at law is 'the process of merging two or more actions into one by order of the court, done to save litigation and expenses.' Funk and Wagnalls New Standard Dictionary (1921 ed.) 563, In Bonv. Law Dict., vol. 1, 621, the following definitions are given: 'Consolidate—To unite into one, distinct things or parts of a thing. In a general sense to unite into one mass or body . . ..' 'Consolidate—To unite into one, distinct thing or parts of a thing. In a general sense to unite into one mass or body . . ..' 'Consolidation of actions has been defined as the combination of several actions into one. Consolidation of actions means the creation of one out of two or more that might reasonably have been brought as one.'

*O'Malley v. Wilson,* 85 S.E. 109, 114 (Ga. 1936), citing 1 C.J. 121, *Harrigan v. Gilchrist,* 121 Wis. 127, 309, 99 N.W.2d 909 (1904).

In *Allen v. McRae,* 122 Wis. 246, 249, 100 N.W. 12 (1904), this court was called upon "to ascertain the effect of [a] consolidation" of three actions ordered by the trial court. We stated:

> The effect of this order was to merge the three actions into one which should be entitled and prosecuted as ordered by the court. By this order these actions were superseded by another, and were thus terminated as independent and separate actions. [Citations omitted.] After such consolidation there is but one suit between all the parties included in the

514

order of consolidation, which upon trial must result in one finding and one judgment.

In this case, when the consolidation took effect pursuant to sec. 971.09, Stats., the various pleadings essentially were fused into a single action. They were no longer independent and separate actions. Naturally, any defenses or admissions should be treated in a like manner, *i.e.*, as pertaining to the entire action. Accordingly, the defendant's no contest plea to the charge originating in Waupaca county—which plea took place subsequent to the consolidation—must be considered as having been rendered in a single action and not as having been made in a collateral proceeding such that it would be proscribed by *Cross, Suick* and *Lee.* Thus, we hold that the defendant's admission of the prior convictions that resulted from his no contest plea was effective with respect both to the charge originating in Waupaca county and the one originating in Outagamie county. That is, the trial court correctly found the defendant a "repeater" as to each of the two convictions and thus subject to sentence enhancement on each of them. This application of the admission inherent in the defendant's no contest plea does not constitute "collateral use" of that plea. Whatever were the defendant's initial hopes, expectations or beliefs when he initiated his "application for consolidation," the resulting consolidation produced but one action, the effect of which was at least very strongly suggested in *Allen v. McRae,* 122 Wis. 246.

The consolidation resulted in one action in which, for the entire action, the defendant admitted to the prior convictions that rendered him a repeater. His no contest plea to the charge originating in Waupaca county was not made in a collateral proceeding such that his admission would not be effective with respect to the charge

originating in Outagamie county. The repeater plea to the Waupaca county charge was properly used for sentencing purposes to the same consolidated Outagamie county charge. They were through consolidation one case.

Thus, with respect to the second issue, we reverse the court of appeals and its order that the action be remanded for purposes of resentencing on the Outagamie county charge.

*By the Court.*—The decision of the court of appeals is reversed.

SHIRLEY S. ABRAHAMSON, J. (concurring). I agree that the decision of the court of appeals should be reversed and the circuit court's sentencing judgment should be affirmed.

Section 971.09 provides for combining proceedings in two or more counties when the defendant enters a guilty plea to all charges. As a result of this opinion the statutory requirement of a guilty plea to each charge is satisfied (1) by a not guilty plea to a charge if the defendant is tried and convicted of the charge (majority op. at 501), and (2) by a plea of no contest to a charge (majority op. note 6).

Furthermore, as a result of this opinion and our opinion in *Peterson v. State,* 43 Wis. 2d 370, 195 N.W.2d 837 (1972), the procedure set forth in sec. 971.09 need not be followed. In this case, contrary to sec. 971.09, the defendant's application to combine proceedings was executed in Outagamie county *after* the Waupaca county district attorney consented to the defendant's entry of a plea of guilty in Outagamie county. The Waupaca district attorney never consented to the defendant's entering a no contest plea. The Outagamie county district attorney failed to file, as required by sec. 971.09, an

amended information listing all charges and failed to send, as required by sec. 971.09, an amended information to the Waupaca county district attorney before the latter executed his consent.

I suspect that the procedural requirements of sec. 971.09 are not met in a substantial number of cases. *See, e.g., State v. Tatzel,* No. 90-2178-CR-NM unpublished slip op. (Wis. Ct. App. Dec. 28, 1990). Perhaps the procedural steps set forth in sec. 971.09 are impractical.

Because sec. 971.09 no longer means what it says or says what it means, I suggest the legislature (secs. 13.83, 13.93(2)(d), Stats. 1987-88) or the judicial council might wish to examine sec. 971.09 for possible revision.