STATE of Wisconsin, Plaintiff-Respondent,

v.

Chaka R. DILLON, Defendant-Appellant.

Court of Appeals

*No. 93–3427. Submitted on briefs June 10, 1994.—Decided August 10, 1994.*

(Also reported in 522 N.W.2d 530.)

41

On behalf of the defendant-appellant, the cause was submitted on the brief of *Martin D. Stein* of *John T. Fields & Associates* of Brookfield.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general and *Thomas J. Balistreri*, assistant attorney general.

Before Anderson, P.J., Brown and Snyder, JJ.

ANDERSON, P.J.   Chaka R. Dillon appeals from an order in Washington County retaining jurisdiction over a case which previously had been consolidated and disposed of in another case in Milwaukee County. Dillon argues that the retention of jurisdiction subjects him to double jeopardy. Because we conclude that the consolidation statute, § 971.09, STATS., 1991-92,[1] was

---

[1] Section 971.09, STATS., 1991-92, was amended in 1994 to reflect gender-neutral terminology. However, the 1991-92 ver-

not followed in Milwaukee County, we conclude that the court was not required by statute to dismiss the Washington County charges. We also conclude that the further prosecution in Washington County does not violate the double jeopardy clauses of the Wisconsin or United States Constitutions. Accordingly, we affirm.

For purposes of this appeal the facts are not disputed, although some facts are unclear. The Washington County District Attorney's Office filed a complaint against Dillon alleging him to be party to the crime of burglary and party to the crime of criminal damage to property, both felonies. The facts alleged, which formed the basis of the complaint, were that Dillon and five other men broke into the secured garage of an apartment building in West Bend on July 1, 1991. There the men smashed the windows of several cars. The men entered some of the cars, disrupting the contents and stealing several items, including a car stereo, a dictaphone, a citizen's band radio and a camera. The particular facts supporting the burglary were the entry of the locked garage with the intent to steal. The information filed on December 16, 1991 charged the same two crimes.

Dillon had also been charged with one felony count of party to the crime of burglary in Milwaukee County. On January 24, 1992, the Milwaukee County court apparently received and accepted: (1) Dillon's application for consolidation of the Washington and Milwaukee County charges; (2) the Washington County District Attorney's consent to consolidation; and (3) the stipulated motion and order consolidating

sion was in effect during the time period relevant to this appeal. All further references to § 971.09 are to the 1991-92 version.

felony cases in Milwaukee County signed by Dillon's counsel and the Milwaukee County District Attorney.[2]

On June 15, 1992, Milwaukee County Circuit Judge Arlene D. Connors accepted Dillon's plea of no contest to an amended charge of theft as party to the crime in violation of §§ 943.20(1)(a), (3)(a), and 939.05, STATS., related to the Milwaukee County charge. The court also stated: "On further motion of the State, the court orders the Washington County case, which is consolidated herein, amended to misdemeanor Entry into Locked Vehicle in violation of Wisconsin Statute section 943.11." Presumably these amendments and no contest pleas were made in accordance with a plea bargain between Dillon and the Milwaukee County District Attorney.

The record is barren of any reference to which count Judge Connors ordered amended in the Washington County case. Dillon asserts on appeal that the court amended count one—the felony of party to the crime of burglary. Assuming this is so, there is nothing in the record regarding the disposition of the second felony count—criminal damage to property. However, Dillon seems to assume that it was dismissed. The State makes no statement on which count was amended or the disposition of the remaining count.

---

[2] We say "apparently" because the only record we have of this occurrence is an entry record contained in a certified copy of Milwaukee County's judgment roll. The copy of the judgment roll does not contain copies of any of the entered documents. However, copies of the consent to consolidation and the stipulated motion and order for consolidation were attached as exhibits to an affidavit of Dillon's counsel filed in Washington County to support his petition for leave to appeal. The record contains neither the original nor a copy of Dillon's application for consolidation.

When the Washington County District Attorney's Office learned of Dillon's plea bargain and conviction, it apparently objected to the court in Washington County.[3] Washington County Judge Leo F. Schlaefer conducted a hearing and by order dated December 15, 1993 determined that Washington County retained jurisdiction of Dillon's case.[4] Dillon filed for leave to appeal this nonfinal order, which this court granted by order dated December 30, 1993.

The issue on appeal is whether the Washington County court erred by concluding that it could retain jurisdiction. Dillon argues that the retention of jurisdiction violates his right to be free from double jeopardy. The State argues that the problem is not constitutional but statutory: Milwaukee County failed to follow § 971.09, STATS., and therefore Washington County retained jurisdiction for the State's pursuit of the Washington County charges. In the alternative, the State argues that Dillon is not subject to double jeopardy because the Washington County charges are not the same in law or fact as the conviction in Milwaukee County.

█

We first address whether the Washington County court has authority, in light of § 971.09, STATS., to

---

[3] Again, we say "apparently" because there is no documentation of this objection in the record; however, because of the subsequent proceedings in Washington County and the parties' representations in their appellate briefs, we assume that this occurred.

[4] There is no transcript of the subsequent hearing in the appellate record. The next document contained in the appellate record is Judge Schlaefer's order which acknowledged the occurrence of the September 28, 1993 hearing and ordered that Washington County retain jurisdiction.

retain jurisdiction after the Washington County District Attorney consented to consolidation in another county. This question involves the interpretation of § 971.09, the statute governing the consolidation of cases, which we resolve de novo. *See State v. Eichman,* 155 Wis. 2d 552, 560, 456 N.W.2d 143, 146 (1990).

Under § 971.09, STATS.,[5] the consolidation of criminal charges pending in more than one county is not

---

[5] Section 971.09, STATS., provides in relevant part:

**Plea of guilty to offenses committed in several counties.**
**(1)** Any person who admits that he or she has committed crimes in the county in which he or she is in custody and also in another county in this state may apply to the district attorney of the county in which he or she is in custody to be charged with those crimes so that the person may plead guilty and be sentenced for them in the county of custody. The application shall contain a description of all admitted crimes and the name of the county in which each was committed.
**(2)** Upon receipt of the application the district attorney shall prepare an information charging all the admitted crimes and naming in each count the county where each was committed. He shall send a copy of the information to the district attorney of each other county in which the defendant admits he committed crimes, together with a statement that the defendant has applied to plead guilty in the county of custody. Upon receipt of the information and statement, the district attorney of the other county may execute a consent in writing allowing the defendant to enter a plea of guilty in the county of custody, to the crime charged in the information and committed in the other county, and send it to the district attorney who prepared the information.
**(3)** The district attorney shall file the information in any court of his county having jurisdiction to try or accept a plea of guilty to the most serious crime alleged therein as to which, if alleged to have been committed in another county, the district attorney of that county has executed a consent as provided in sub. (2). The defendant then may enter a plea of guilty to all offenses alleged to have been committed in the county where the court is located and to all offenses alleged to have been committed in other counties as to which the district attorney has executed a consent

46

automatic and requires the initiative of the accused. *Pulaski v. State,* 23 Wis. 2d 138, 147, 126 N.W.2d 625, 631 (interpreting § 956.01(13), STATS., 1963, the predecessor of § 971.09), *cert. denied,* 379 U.S. 862 (1964). To begin the consolidation process, the defendant submits an application to the district attorney of the county in which he or she is in custody. Section 971.09(1). In the application, the accused must: (1) describe all of the crimes pending that he or she wishes to consolidate; (2) name the county in which each crime was committed; and (3) admit to each described crime. *Id.* As stated in our description of the facts, the appellate record does not contain Dillon's application for consolidation. Because the State does not contend otherwise, we will assume that Dillon's application complied with these requirements.

Upon receipt of the application, the district attorney of the county in custody (Milwaukee, in this case) prepares an information charging all of the admitted

under sub. (2). Before entering his plea of guilty, the defendant shall waive in writing any right to be tried in the county where the crime was committed. The district attorney of the county where the crime was committed need not be present when the plea is made but his written consent shall be filed with the court.

(4)  Thereupon the court shall enter such judgment, the same as though all the crimes charged were alleged to have been committed in the county where the court is located, whether or not the court has jurisdiction to try all those crimes to which the defendant has pleaded guilty under this section.

(5)  . . .. The clerk where the plea is made shall file a copy of the judgment of conviction with the clerk in each county where a crime covered by the plea was committed. The district attorney shall then move to dismiss any charges covered by the plea of guilty, which are pending against the defendant in his county, and the same shall thereupon be dismissed.

crimes. *See* § 971.09(2), STATS.[6] He or she then forwards a copy of the information and a statement that the defendant applied for consolidation to the district attorney of any other county in which the defendant admitted crimes (Washington in this case). *See id.* Upon receipt of the proposed information, it is within that district attorney's discretion whether or not to consent to the consolidation. *Pulaski,* 23 Wis. 2d at 147, 126 N.W.2d at 631; *see also* § 971.09(2). Here the record shows that the Washington County District Attorney consented to consolidation of the *burglary* and *criminal damage to property* charges.

When the district attorney of the custodial county receives the consent, the statute authorizes him or her to file the information in his or her county. *See* § 971.09(3), STATS. "The defendant then may enter a plea of guilty to all offenses alleged to have been committed in the county where the court is located *and to all offenses alleged to have been committed in other counties as to which the district attorney has executed a consent . . . ." Id.* (emphasis added).

■
This is the point at which the record before us departs from the statutory procedure. The Milwaukee County District Attorney requested amendment of the Washington County charges to the misdemeanor of entry of a locked vehicle, which Judge Connors granted. Amendment of the charges from another

[6] Again, the appellate record does not contain a copy of the information prepared by the Milwaukee County District Attorney after receiving the application to consolidate. However, the judgment roll entries would appear to indicate that the information properly charged the two Washington County burglary and criminal damage to property felonies and the Milwaukee County burglary felony.

county is not authorized by § 971.09, STATS. The Washington County District Attorney consented to the entry of a guilty plea on specific charges which Dillon had already admitted. The consent does not authorize the Milwaukee County District Attorney to plea bargain with the defendant, nor should there have been a need to. In the application for consolidation, Dillon already should have admitted to the crimes. However, pursuant to the unauthorized plea bargain, Dillon pled to this reduced charge.[7] Therefore, Dillon did not plead guilty to the offenses to which the Washington County District Attorney consented, which directly violates § 971.09(3).[8]

Section 971.09(4), STATS., provides that the court enter judgment based on the plea. The clerk where the plea is made files a copy of the judgment of conviction with the clerk in each county where a crime covered by

---

[7] That Dillon's plea was one of "no contest" rather than the guilty plea contemplated in § 971.09(3), STATS., is of no consequence. *See State v. Rachwal,* 159 Wis. 2d 494, 503-04 n.6, 465 N.W.2d 490, 493-94 (1991).

[8] The effect of this departure from the statute upon Dillon's conviction in Milwaukee County is not before this court. Such a defect would need to be raised by Dillon before the Milwaukee County court in a postconviction motion under § 974.06, STATS. However, whether such defect is fatal to the conviction is an open question. *Rachwal* recognized that variations from the statutory procedure of § 971.09, STATS., do not necessarily invalidate the conviction. *See Rachwal,* 159 Wis. 2d at 516-17, 465 N.W.2d at 499 (Abrahamson, J., concurring). We suggest that fundamental fairness dictates that the plea be allowed to be withdrawn and the charge dismissed. To hold otherwise would subject Dillon to the possible conviction of two felonies and one misdemeanor for his actions in Washington County, where neither district attorney intended to bring all three charges against Dillon.

the plea was committed. *See* § 971.09(5). This district attorney "shall then move to dismiss *any charges covered by the plea of guilty,* which are pending against the defendant in his county, *and the same shall thereupon be dismissed." See id.* (emphasis added).

Section 971.09, STATS., does not authorize the custodial county district attorney to move to dismiss the charges still pending in the county of commission or authorize the custodial county court to dismiss the charges. Instead, § 971.09(5) reserves these actions for the district attorney and court of the county of commission of the crime. Nevertheless, because the charges pending in Washington County were not "charges covered by the plea of guilty," the Washington County District Attorney was not required or even authorized by § 971.09(5) to move to dismiss the charges; nor was Judge Schlaefer required or authorized to dismiss the charges. Therefore, Judge Schlaefer's order acknowledging the retention of jurisdiction over these charges is not barred by the statute.

We next address Dillon's argument that the retention of jurisdiction places him in double jeopardy. Dillon argues that double jeopardy bars the State from relitigating a case because it was disappointed with the disposition in Milwaukee County. We hold that under the recent decision of our supreme court in *State v. Kurzawa,* 180 Wis. 2d 502, 509 N.W.2d 712, *cert. denied,* 114 S. Ct. 2712 (1994), the second prosecution will not place Dillon in double jeopardy. However, we also discuss the troubling aspect that Dillon's plea bargain with the State in Milwaukee County should be binding upon the State in all counties.

Double jeopardy is intended to provide three protections to a defendant: (1) protection against a second prosecution for the same offense after acquittal; (2) protection against a second prosecution for the same offense after conviction; and (3) protection against multiple punishments for the same offense. *Id.* at 515, 509 N.W.2d at 717. We are concerned here with the second protection, commonly referred to as "successive prosecution." *See id.*

*Kurzawa* recognized that the United States Supreme Court recently returned to the "same elements" test of *Blockburger v. United States,* 284 U.S. 299 (1932), for "virtually all double jeopardy questions," including successive prosecution. *Kurzawa,* 180 Wis. 2d at 509, 509 N.W.2d at 715. *Kurzawa* adopted the test for Wisconsin as well. *Id.* at 525, 509 N.W.2d at 722. That test asks whether each offense "requires proof of an additional fact which the other[s] do[ ] not." *Blockburger,* 284 U.S. at 304. This test requires the comparison of the statutory elements, *see Kurzawa,* 180 Wis. 2d at 515, 509 N.W.2d at 717, here the crimes of burglary, criminal damage to property and entry of a locked vehicle.

It is clear that each of these crimes contains an element that the others do not. Entry of a locked vehicle under § 943.11, STATS., requires that the defendant intentionally enter the locked and enclosed portion or compartment of the vehicle of another.[9] *See* WIS J I—CRIMINAL 1426. Neither burglary under

---

[9] Entry into a locked vehicle requires a showing of four elements: (1) the defendant intentionally entered the locked portion of a vehicle; (2) the entry was intentional and without consent; (3) the defendant knew the vehicle belonged to another

51

§ 943.10(1)(a), STATS., nor criminal damage to property under § 943.01(2)(d), STATS., requires this showing.[10] *See* WIS J I—CRIMINAL 1424, 1400. Burglary requires the intentional entry of a building. *See* WIS J I—CRIMINAL 1424. Neither entry of a locked vehicle nor criminal damage to property requires this element. Finally, criminal damage to property requires that the defendant cause damage to physical property. *See* WIS J I—CRIMINAL 1400. Causing damage to physical property is not an element of entry of a locked vehicle or burglary. Accordingly, the prosecution of all three crimes does not place Dillon in double jeopardy under *Kurzawa*.

We raise on our own a troubling aspect of this case: that Dillon is now being prosecuted for crimes that he thought were disposed of through the plea bargain in Milwaukee County. We do not know the exact terms of the plea bargain, but we are probably accurate in assuming that Dillon pled no contest to theft and entry of a locked vehicle in Milwaukee County in return for

---

and was without consent; and (4) the defendant entered with the intent to steal. *See* WIS J I—CRIMINAL 1426.

[10] Burglary under § 943.10(1)(a), STATS., contains four elements: (1) the defendant intentionally entered a building; (2) the defendant did not have consent to enter the building from the person in lawful possession; (3) the defendant knew the entry was without consent; and (4) the defendant entered the building with the intent to commit a felony. *See* WIS J I—CRIMINAL 1424. Criminal damage to property under § 943.01 (2)(d), STATS., contains five elements: (1) the defendant caused damage to physical property; (2) the damage was intentional; (3) the property was the property of another; (4) the damage was done without consent of the owner; and (5) the defendant knew that the property belonged to another person and knew that the other person did not consent to the damage. *See* WIS J I—CRIMINAL 1400.

the dismissal of the Milwaukee County burglary charge and the burglary and criminal damage to property charges in Washington County.

However, we believe that this situation is governed by our supreme court's discussion of the enforceability of plea agreements involving the similar situation of immunity from prosecution. In *Austin v. State,* 49 Wis. 2d 727, 735, 183 N.W.2d 56, 60 (1971), our supreme court recognized that plea agreements granting *nolle prosequi* are enforceable on public policy grounds where the district attorney was acting within his or her authority. In reaching this decision, the court examined cases from other jurisdictions which held the agreements unenforceable. The court recognized that in those cases, "the court ruled the party entering the agreement with the accused had no authority to make the agreement." *Id.*

Such is the situation here. The Milwaukee County District Attorney did not have authority under § 971.09, STATS., to promise Dillon that the Washington County charges would be dismissed if he pled no contest to the lesser charge in Milwaukee County. Because the Milwaukee County District Attorney did not have authority to enter into this agreement, it is not enforceable against the State in Washington County.

*By the Court.*—Order affirmed.