STATE of Wisconsin, Plaintiff-Respondent,

v.

Donald A. BRATRUD, Defendant-Appellant.

Court of Appeals

*No. 95–3402–CR. Submitted on briefs August 12, 1996.—Decided September 12, 1996.*

(Also reported in 555 N.W.2d 663.)

For the defendant-appellant the cause was submitted on the briefs of *Michael J. Devanie* of *Michael J. Devanie Law Office* of La Crosse.

For the plaintiff-respondent the cause was submitted on the brief of *James E. Doyle*, attorney general, and *David J. Becker*, assistant attorney general.

Before Eich, C.J., Vergeront and Roggensack, JJ.

ROGGENSACK, J.   Donald Bratrud appeals a battery conviction, after a guilty plea, on the ground that Wisconsin lacked subject matter jurisdiction because there was conflicting evidence in the record about where the crime was committed. However, we conclude that the amended information pleaded facts sufficient to support subject matter jurisdiction, and when Bratrud entered his guilty plea, he admitted those facts. Therefore, we affirm.

## BACKGROUND

According to the State's evidence presented at the preliminary hearing, Bratrud was stopped in the City of La Crosse for a traffic violation, at 3:35 a.m. on March 2, 1995. When the officer approached the passenger side of the vehicle, he noticed blood on the face and hair of the passenger, Julie Hanf. He also noted blood on the inside and the outside of the passenger door and window, as well as on various places within the vehicle. A check of Bratrud's license plate number revealed that his car was seen in the vicinity of Quillin's store in La Crosse, where a vending machine had been broken into earlier that morning.

When the officer questioned Hanf about how she had been injured, she answered that Bratrud had done it. She said he beat her three times, and twisted her arm because she would not help him steal. She was taken to St. Francis Hospital in La Crosse, where her physical exam showed she had a broken left forearm, scrapes on her right cheek and left knee, a possible broken nose and a large bump on the right side of her forehead. While Hanf was in the hospital, Detective Joseph Dunham interviewed her. Hanf told Dunham that Bratrud had injured her in downtown La Crosse, but she did not know the exact location.

Hanf also testified at the preliminary hearing. Her statements were not definite on whether the beatings took place in Wisconsin or in Minnesota, but seemed to favor Minnesota. Bratrud objected to jurisdiction based on the inconsistency of Hanf's statements.

The amended information to which Bratrud pleaded guilty alleged: "On or about March 2, 1995, in the City and County of La Crosse, Wisconsin, the defendant did: cause substantial bodily harm to Julie Hanf . . . contrary to Wis. Stat. Sec. 940.19(3) . . . ." At the plea hearing, the trial court asked Bratrud whether he understood that his plea would close the door on some objections. Bratrud's attorney then specially questioned Bratrud about the jurisdictional dispute and whether he understood he was being prosecuted in Wisconsin. Bratrud responded that he understood he was giving up his jurisdictional objection and that he just didn't want to be prosecuted by both Wisconsin and Minnesota. The trial court then found there were facts sufficient to sustain the allegations that Bratrud committed the crimes charged and accepted his guilty plea.

## DISCUSSION

### Scope of Review.

Where there is no factual dispute, subject matter jurisdiction is purely a question of law, which this court decides *de novo* on appeal. *State v. Webster*, 196 Wis. 2d 308, 316, 538 N.W.2d 810, 813 (Ct. App. 1995). When the location of the acts which form the basis for a criminal charge is in dispute and the information pleads that the acts occurred in the State of Wisconsin, subject matter jurisdiction depends upon a question of

fact, to be determined by the jury or, in the case of a plea, by the trial court. On review of a factual determination made by a trial court without a jury, we will not reverse unless the finding is clearly erroneous. *Noll v. Dimiceli's, Inc.*, 115 Wis. 2d 641, 643, 340 N.W.2d 575, 577 (Ct. App. 1983).

## Subject Matter Jurisdiction.

A court has subject matter jurisdiction if it has the power to hear the type of action presented. *Burmeister v. Vondrachek*, 86 Wis. 2d 650, 661, 273 N.W.2d 242, 247 (1979). The circuit courts of Wisconsin are courts of general jurisdiction and have original subject matter jurisdiction over criminal matters not excepted in the constitution or prohibited by law. *Mack v. State*, 93 Wis. 2d 287, 294, 286 N.W.2d 563, 566 (1980); § 753.03, STATS.

While no Wisconsin case directly addresses the analysis of challenges to subject matter jurisdiction which are based on disputed facts in a criminal case, other jurisdictions have done so. *See Lockhart v. Smith*, 43 N.W.2d 541 (Iowa 1950) and *Commonwealth v. Mull*, 175 A. 418 (Pa. 1934). Additionally, well established Wisconsin precedent on the effects of a plea on fact-based disputes gives guidance for the resolution of Bratrud's jurisdictional challenge to his conviction. *See State v. Rachwal*, 159 Wis. 2d 494, 465 N.W.2d 490 (1991).

In *Lockhart v. Smith*, the defendant pleaded guilty to an information charging a crime had been committed in Linn County, Iowa. 43 N.W.2d 541. On appeal, he contended that the crime had been committed in another county. The Supreme Court of Iowa reasoned that the facts upon which the

information was predicated included the factual assertion that the situs of the crime was Linn County. When the defendant pleaded guilty, he admitted the fact of the location of the crime. By accepting the plea, the court adjudicated that fact. *Id.*

In *Commonwealth v. Mull,* the only proof of the location of a homicide was the place where the body was found and the quantity of blood that was found beneath it. 175 A. at 418. The defendant challenged his conviction, asserting that the court lacked subject matter jurisdiction because the location of the crime was in doubt. Ruling that the locus of a crime is always in issue, the Supreme Court of Pennsylvania held that the place where the body and blood were found was sufficient to support a finding that the homicide was committed within Allegheny County, Pennsylvania; and therefore, the trial court had subject matter jurisdiction. *Id.* at 419.

In Wisconsin, appellate courts have concluded that various facts relevant to a defendant's conviction are admitted when a plea is taken. In *State v. Rachwal,* the defendant pleaded no contest to a felony after it was combined with a misdemeanor that had been venued in another county. 159 Wis. 2d 494, 465 N.W.2d 490. The misdemeanor contained a repeater provision. The court held that the defendant's no contest plea to the felony constituted an admission of the allegation of prior convictions, in regard to both the misdemeanor and the felony. The court relied on *Brozosky v. State,* 197 Wis. 446, 452, 222 N.W. 311, 311 (1928), which held that a plea of no contest "admits for purposes of the case, all the facts which are well pleaded . . . ." *Rachwal,* 159 Wis. 2d at 506, 465 N.W.2d at 495.

The substance of Bratrud's argument on appeal is that objections to subject matter jurisdiction are not

affected by a plea of guilty; and therefore, those objections survive the judgment of conviction. Bratrud's argument has merit when subject matter jurisdiction turns on a question of law. *Mack*, 93 Wis. 2d at 293, 286 N.W.2d at 566. However, here Bratrud's challenge to jurisdiction is bottomed on conflicting evidence concerning a disputed fact, *i.e.*, where the crime occurred.

The amended information alleged that the crime occurred, "in the City and County of La Crosse, Wisconsin." And, some of the testimony supported a determination that the battery occurred in Wisconsin. When Bratrud pleaded guilty, he admitted all factual assertions which were pleaded in the information. *Rachwal*, 159 Wis. 2d at 506, 465 N.W.2d at 495. The trial court adjudicated the jurisdictional facts when it accepted the plea and convicted Bratrud.

## CONCLUSION

We conclude that the question of subject matter jurisdiction in this case turns on a factual dispute about where the crime was committed. The facts necessary to support subject matter jurisdiction are set out in the amended information to which Bratrud pleaded guilty. By doing so, he has admitted those jurisdictional facts. The trial court properly determined there was support in the record for his admission when it accepted his plea and convicted him. Therefore, the court had subject matter jurisdiction.

*By the Court*—Judgment affirmed.