STATE of Wisconsin, Plaintiff-Respondent,

v.

Ernest K. KNOX, Defendant-Appellant.†

Court of Appeals

*No. 97–0682–CR. Submitted on briefs August 26, 1997.—Decided September 16, 1997.*

(Also reported in 570 N.W.2d 599.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Donald T. Lang*, assistant state public defender of Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *William L. Gansner*, assistant attorney general.

Before Cane, P.J., Myse and Hoover, JJ.

HOOVER, J.   Ernest Knox appeals a four-year prison sentence imposed consecutively to an existing sentence. At sentencing, the prosecutor misstated the parties' plea agreement, asking for a consecutive rather than the concurrent sentence agreed upon. The error was promptly corrected. Knox claims that the misstatement was a breach of the plea agreement and that his trial counsel's failure to advise him of the

option to request another sentencing judge in light of this misstatement denied him due process and effective assistance of counsel. We conclude that the breach was inadvertent and insubstantial and that trial counsel's performance was not deficient. Accordingly, we affirm the sentence.

Knox pled no contest to battery as a repeater, § 940.19(1), STATS., and bail-jumping, § 946.49(1)(b), STATS. Two other misdemeanor charges were dismissed as part of a plea agreement that called for the State to recommend a six-year prison sentence, to run concurrently with another sentence on unrelated charges.[1] Knox signed a plea advisement form, and the court reviewed it with him at the plea hearing. The form correctly stated the parties' agreement.

Knox was sentenced several weeks later. The State appeared by a prosecutor other than the one who negotiated the plea agreement. She effectively recommended a five-year prison term *consecutive to* the previously imposed sentence. She stated:

> The State is requesting that the defendant be sentenced on the battery DVO as a repeater conviction to three years prison and on the bail jumping as a repeater conviction to five years prison concurrent with each other and consecutive to the sentence that he just received in the sexual assault case . . . .

Defense counsel immediately requested a recess to confer with the prosecutor with whom he had negotiated the plea agreement. When the hearing reconvened, the prosecutor advised the court that there had apparently been a miscommunication regarding the agreement, and that she wished to make a new record regarding

---

[1] Three days prior to sentencing in this matter, Knox received a five-year prison term for a sexual assault conviction.

the State's recommendation. She then proposed a concurrent prison sentence totaling six years. The trial court rejected the parties' recommendation and imposed terms totaling four years consecutive to the sexual assault conviction.

The specific issue is whether the State's initial request for a sentence harsher than called for by the agreement constituted a substantial breach so that imposition of a sentence that varied from the parties' ultimate recommendation violated due process. Whether the State violated the plea agreement is a question of law to be decided without deference to the trial court. *Ball v. District No. 4, Area Bd.*, 117 Wis. 2d 529, 537, 345 N.W.2d 389, 394 (1984). The parties agree that Knox has a due process right to enforcement of a negotiated plea agreement upon which he relied. *See Santobello v. New York*, 404 U.S. 257, 262 (1971); *State v. Smith*, 207 Wis. 2d 259, 272, 558 N.W.2d 379, 385 (1997).

To be entitled to a remedy, the defendant must rely on the agreement and the prosecutor's breach must be material and substantial. *State v. Bangert*, 131 Wis. 2d 246, 289, 389 N.W.2d 12, 33 (1986).[2] Even an oblique variance will entitle the defendant to a remedy if it "taints" the sentencing hearing by implying to the court that the defendant deserves more punishment than was bargained for. *State v. Poole*, 131 Wis. 2d 359, 394 N.W.2d 909 (Ct. App. 1986).[3] In *Poole*, "the evil

---

[2] The State concedes for purposes of this case that the misstated recommendation was material. We therefore do not address the question of what constitutes a material breach.

[3] *State v. Poole*, 131 Wis. 2d 359, 362–64, 394 N.W.2d 909, 910–11 (Ct. App. 1986), recounts a number of such examples:

was not the lack of enthusiastic advocacy for the bargained sentence, but the state's use of qualified or negative language in making the sentence recommendation. . . . A comment which implies reservations about the recommendation 'taint[s] the sentencing process' and breaches the agreement." *Id.* at 364, 394 N.W.2d at 911 (quoting *In re Palodichuk*, 589 P.2d 269, 271 (Wash. App. 1978)).

The perceived breach in this case was not substantial. It was not intended to affect the substance of the agreement by sending a veiled message to the sentencing court that greater punishment than provided for in the plea agreement was warranted. Rather, the devia-

---

*United States v. Brown*, 500 F.2d 375, 377–78 (4th Cir. 1974), half-hearted sentence recommendation—something less than a neutral recitation of the bargain—is a breach; *Miller v. State*, 322 A.2d 527, 529 (Md. 1974), prosecutor breached when he commented negatively on a probation officer's recommendation, even though he technically complied with bargain; *State v. Witte*, 245 N.W.2d 438, 439 (Minn. 1976), prosecutor made no formal sentence recommendation per agreement, but mentioned juvenile authority's recommendation of incarceration; *Snowden v. State*, 365 A.2d 321, 324 (Md. App. 1976), prosecutor asked by judge whether state's lenient recommendation should be honored and replied, "I believe we must." Apparent that lighter sentence was last thing prosecutor "recommended"; *In re Palodichuk*, 589 P.2d 269, 271 (Wash. App. 1978), prosecutor recommended probation as promised, but with reservations he undercut agreement and tainted sentencing process.

In *Poole*, the prosecutor's comments implied that circumstances had changed since the plea bargain, and that had the State known of the other instances of defendant's misconduct, it would not have made the agreement it did. We concluded that a prosecutor may not render less than a neutral recitation of the terms of the plea agreement. *Id.* at 364, 394 N.W.2d at 911. The recommendation in *Poole* fell below that standard.

tion from the original terms drew a prompt objection and was shown to be the result of a mistake that was quickly acknowledged and rectified. Indeed, the prosecutor's earnest manner in advocating the corrected proposed disposition, commented upon by the trial court, further circumstantially belies an implication of improper motive. For these reasons, the momentary and inadvertent misstatement of the parties' agreement did not constitute an actionable breach.

Knox also argues that his trial counsel was ineffective by failing to advise him of his right to seek sentencing in front of a different judge. He asserts that the defendant, not counsel, must decide whether to pursue available remedies to enforce a breached plea agreement. It is undisputed that counsel did not discuss this remedy with Knox. However, we need not address Knox's proposition; because the breach was not material, there was nothing to remedy.

In summary, we conclude that the unintentional misstatement of the plea agreement, promptly rectified through the efforts of both counsel, did not violate Knox's due process right to have the full benefit of the plea bargain upon which he relied. There being no breach of the agreement, counsel could not be ineffective for failing to advise Knox of available remedies. The sentence is therefore affirmed.

*By the Court.*—Judgment affirmed.