STATE of Wisconsin, Plaintiff-Respondent,

v.

Harold MERRYFIELD, Defendant-Appellant.†

Court of Appeals

*Nos. 98–1106–CR, 98–1107–CR, 98–1108–CR. Submitted on briefs April 13, 1999.—Decided June 24, 1999.*

(Also reported in 598 N.W.2d 251.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Edward John Hunt, Edward John Hunt Law Office* of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Paul G. Lundsten,* assistant attorney general, with whom on the briefs was *James E. Doyle,* attorney general.

Before Dykman, P.J., Vergeront and Deininger, JJ.

DEININGER, J. Harold Merryfield appeals judgments convicting him of two counts of felony bail jumping and an order denying him postconviction relief from those convictions. He claims the trial court erred in accepting his guilty pleas to the felony charges because they lacked a factual basis in that, at the time he violated the bond conditions imposed in a prior prosecution, only a misdemeanor charge was pending in the prior case. Merryfield also asserts that the felony bail jumping convictions should be vacated because the

State breached the plea agreement in the prior prosecution. We reject both claims, concluding that Merryfield's guilty pleas preclude him from raising a factual dispute regarding his guilt on the charges to which he pled, and that his failure to allege that the State breached the agreement prior to his pleas and sentencing precludes him from asserting it as a post-conviction claim.

## BACKGROUND

Section 971.08(1)(b), STATS., provides that, before accepting a plea of guilty or no contest, a trial court must "[m]ake such inquiry as satisfies it that the defendant in fact committed the crime charged." A trial court's failure to ascertain that "the defendant in fact committed the crime charged" is an erroneous exercise of discretion and constitutes a "manifest injustice," which is grounds for the withdrawal of a guilty plea. *See State v. Johnson*, 207 Wis. 2d 239, 244, 558 N.W.2d 375, 377 (1997). A plea of guilty, however, is an admission of "all factual assertions which were pleaded in the information." *See State v. Bratrud*, 204 Wis. 2d 445, 451, 555 N.W.2d 663, 664–65 (Ct. App. 1996) (citing *State v. Rachwal*, 159 Wis. 2d 494, 506, 465 N.W.2d 490, 494–95 (1991)).

The facts of this case demonstrate the potential for tension between the foregoing propositions. Merryfield was originally charged with a felony and a misdemeanor in a single case, and he was released on bond following his initial appearance on the charges. On the day of the scheduled preliminary hearing on the felony charge, the prosecutor informed the court:

> Your Honor, [defense counsel] and I and Mr. Merryfield have had a conversation prior to court this

morning. It's my understanding at this time Mr. Merryfield will enter a plea to Count Number 1 which is the misdemeanor count. The State would move to dismiss Count Number 2 [the felony count].

The prosecutor and defense counsel then outlined for the court the plea agreement which called for a plea to the misdemeanor and a ninety-day set-over for sentencing, during which time Merryfield was to secure employment in order to pay a fine that would be recommended as the sentence on that charge.

The court then engaged Merryfield in a colloquy and accepted his no contest plea to the misdemeanor. The court also accepted Merryfield's authorization of his attorney to appear on his behalf "once the felony is dismissed for any future court hearings." The prosecutor explained that Merryfield had expressed his intent to move out of state, and that the State acquiesced in the authorization for Merryfield's attorney to appear so that Merryfield would not have to return to Wisconsin, "and also the reason that the State is recommending a fine. Otherwise there may be a different recommendation." The proceedings concluded with no motion by the State nor order of the court for dismissal of the felony count. Prior to adjournment, the court reviewed the conditions of Merryfield's bond, amended them with respect to certain no-contact provisions, and ordered that "[t]he bond as amended will remain in place."

Prior to the date set for sentencing on the misdemeanor charge, the State charged Merryfield in a new case with both misdemeanor and felony bail jumping. *Cf.* § 946.49(1), STATS.[1] In a third case involving Mer-

---

[1] Section 946.49(1), STATS., provides:

Whoever, having been released from custody under ch. 969, intentionally fails to comply with the terms of his or her bond is:

ryfield's conduct on a different date, the State charged him with two misdemeanor drug possession offenses, felon in possession of a firearm, and felony bail jumping. The sentencing on the original misdemeanor was continued, and ultimately, Merryfield entered into a plea agreement with the State resolving all charges pending against him. Pursuant to the plea agreement, Merryfield tendered and the trial court accepted guilty pleas to the two counts of felony bail jumping, the drug possession misdemeanors, and the firearm offense.[2] The agreement called for the State to recommend that Merryfield receive a sentence of eight years and six months for all convictions, with the remaining charges to be dismissed. The agreement had been reviewed by the court prior to the entry of the pleas.

In explaining the elements of the bail jumping charges, the court informed Merryfield as follows:

> THE COURT: . . . The elements there would have to be proven that you were arrested or charged with a felony, that you were released on bond and lastly that you intentionally failed to comply with the terms of your bond. Those are the elements that if you do not plead the State would have to prove up. Do you understand?
>
> THE DEFENDANT: I understand that, Your Honor.

During the plea colloquy, the court also informed Merryfield that "if the Court accepts your plea of guilty you

----

(a) If the offense with which the person is charged is a misdemeanor, guilty of a Class A misdemeanor.

(b) If the offense with which the person is charged is a felony, guilty of a Class D felony.

[2] Merryfield also pled no contest to and was convicted of three criminal traffic offenses which are not at issue in this appeal.

will be convicted and the Court can impose sentence against you on each of these crimes"; and that the pleas constituted a waiver of his rights to confront his accusers, to present evidence on his own behalf, and to have his guilt determined unanimously by twelve jurors. Finally, the court asked Merryfield, "Do you stipulate, sir, there are sufficient facts for you to enter your pleas here this morning?", to which Merryfield answered, "Yes, there are, Your Honor."

The trial court accepted the terms of the plea agreement and sentenced Merryfield to a total of eight years, six months of imprisonment for all of his convictions. The sentences for the two felony bail jumping offenses comprised five years of that total, being three years and two years, consecutive. Postconviction, Merryfield moved the trial court to vacate the two felony bail jumping convictions, asserting, among other things, that the sentences imposed on those two counts were "invalid because the bond that was in effect was a misdemeanor bond . . . and therefore the sentences imposed should have been for misdemeanor bail jumping." The trial court denied the requested relief, concluding as follows:

> It is undisputed that the defendant was found guilty of the misdemeanor charge on August 10, 199[5]. However, the court did not proceed to sentencing on that date for reasons stated on the record. The defendant assured the State that he would be leaving the State of Wisconsin and securing employment so that he could pay a fine. As noted by the State in its brief, the terms of the plea bargain package were clear and the defendant knew that if he did not do as agreed, there may be a different recommendation. The State argues that since the defendant engaged in further criminal conduct prior to the sentencing date of November

13, 1995, and did not do as promised, he did not receive the benefit of the plea bargain. The court agrees with this view by the State as the posture of the case on August 10, 199[5]. It, therefore, logically follows that the felony charge was not dismissed on August 10, 199[5], and that the bond remained in place until sentencing on February 23, 1996.

In this consolidated appeal, Merryfield seeks reversal of the order denying postconviction relief and of his two convictions for felony bail jumping.

## ANALYSIS

Merryfield's challenge to the factual basis for his felony bail jumping convictions is largely premised on his view of what transpired at the August 10, 1995 hearing, at which he entered the no contest plea to the original misdemeanor charge. According to Merryfield, the record of that proceeding demonstrates that both counsel and the court intended that the felony charge against him was to be dismissed upon his entry of a no contest plea to the misdemeanor that day. Thus, in Merryfield's view, from that day forward his bond related only to the misdemeanor for which he was awaiting sentencing, and when he committed several new offenses while still released on that bond, he was guilty of misdemeanor, not felony, bail jumping. Based on this view, Merryfield claims the trial court erred when it accepted his guilty pleas to the two felony bail jumping counts because it failed to establish that there was a sufficient factual basis that he committed the crime of felony bail jumping on the dates of his new offenses.

The State argues that, having pled guilty to the factual allegations in the two informations charging him with felony bail jumping, and having stipulated

that there were "sufficient facts" for him to enter his pleas, Merryfield cannot now raise a factual dispute regarding whether he committed the charged offenses. We agree.

The first information charging Merryfield with felony bail jumping contained the following allegations:

> That on October 2, 1995, at the Village of Friendship, in said County, the defendant, *having been released from custody under Chapter 969 of the Wisconsin Statutes on the felony charge of Felon In Possession of a Firearm,* did then and there intentionally fail to comply with the conditions of his bond, contrary to § 946.49(1)(b) of the Wisconsin Statutes . . . .

(Emphasis added.) The second information charging him with felony bail jumping contained these allegations:

> That on or about November 21, 1995, at the Township of Strongs Prairie, in said County, the defendant, *having been released from custody under Chapter 969, Wisconsin Statutes, on a Misdemeanor Charge of Endangering Safety By Use of a Dangerous Weapon, and a felony charge of Felon In Possession of a Firearm,* did then and there, intentionally fail to comply with the terms of his bond, contrary to § 946.49(1)[(b)] of the Wisconsin Statutes; A CLASS D FELONY: A fine not to exceed $10,000 or imprisonment not to exceed 5 years, or both.

(Emphasis added.) Both criminal complaints referred to and attached the "Bond and Conditions of Bond" dated June 13, 1995, as amended August 10, 1995. That document recites that it relates to "Case No. 95 CF 36," a felony case designation, and specifies the

offenses of "Endanger Safety and felon possession of firearm—2 counts."[3]

Merryfield's guilty pleas to the two counts of felony bail jumping "admitted all factual assertions which were pleaded in the information." *See State v. Bratrud*, 204 Wis. 2d 445, 451, 555 N.W.2d 663, 664–65 (Ct. App. 1996) (citing *State v. Rachwal*, 159 Wis. 2d 494, 506, 465 N.W.2d 490, 494–95 (1991)). In order for a court to consider the merits of Merryfield's challenge to the factual basis for his pleas, it would be necessary for it to go behind the allegations of the complaints and informations in order to determine the intent of the parties and the court on August 10, 1995, regarding the status of the felony count in Case No. 95 CF 36. That type of evidentiary inquiry would be well beyond the purpose of the statutory "factual basis" inquiry:

> The purpose of the statutory requirement for a court inquiry as to basic facts is to protect the defendant who pleads guilty voluntarily and understanding the charge brought but not realizing that his conduct does not actually fall within the statutory definition of the charge. What is required is a sufficient postplea inquiry to determine to the court's satisfaction that the facts, if proved, "constitute the offense charged and whether the defendant's conduct does not amount to a defense."

*Morones v. State*, 61 Wis. 2d 544, 552, 213 N.W.2d 31, 36 (1973) (footnotes omitted).

Thus, Merryfield's guilty pleas would not preclude him from claiming on appeal that the facts that he

---

[3] The criminal complaints in both appeal No. 98–1107 and No. 98–1108 refer to the bond as an attachment, but the bond document is attached to the complaint only in the record of appeal No. 98–1107.

admitted did not constitute the crimes to which he pled. *See State v. West*, 214 Wis. 2d 468, 474, 571 N.W.2d 196, 198 (Ct. App. 1997), *review denied*, 216 Wis. 2d 612, 579 N.W.2d 44 (1998). A "factual basis" challenge on that ground would actually "turn[ ] on a question of law" instead of being "bottomed on conflicting evidence concerning a disputed fact." *See Bratrud*, 204 Wis. 2d at 451, 555 N.W.2d at 664 (noting distinction between challenges to subject matter jurisdiction based on legal questions, as opposed to those based on conflicting evidence concerning a disputed fact). The issue Merryfield wishes to raise in this appeal is whether his release on bond after August 10, 1995, was related to only a pending misdemeanor charge or both a pending misdemeanor and a pending felony charge. That is an issue of fact. The purpose of requiring a trial court inquiry into the factual basis for a crime to which a plea of guilty or no contest is tendered, however, is *not* to resolve factual disputes about what did or did not happen at or before the time of the alleged offense—that is the function of a trial, which a defendant who pleads other than not guilty expressly waives.[4]

This distinction between a dispute as to the truth of the facts alleged by the State, and a dispute regard-

___

[4] Generally, "[w]here the trial court has concluded that the evidence did provide a sufficient factual basis to support the plea, this court will not upset these factual findings unless they are contrary to the great weight and clear preponderance of the evidence." *Broadie v. State*, 68 Wis. 2d 420, 423, 228 N.W.2d 687, 689 (1975). Treating the determination as one of fact has been criticized, however, in that "the ultimate determination is that a given set of facts fulfills a particular legal standard," which is a question of law. *See State v. Mendez*, 157 Wis. 2d 289, 295 n.2, 459 N.W.2d 578, 581 (Ct. App. 1990).

ing whether the admitted facts constitute an offense, renders inapposite two recent cases cited by Merryfield in which the supreme court set aside convictions based on guilty pleas, after concluding that trial courts had improperly found that a factual basis existed for the crimes pled to. Merryfield's reliance on *State v. Johnson*, 207 Wis. 2d 239, 558 N.W.2d 375 (1997), and *State v. [George] Smith*, 202 Wis. 2d 21, 549 N.W.2d 232 (1996), is thus misplaced because, in each, the postconviction challenge was not to the State's ability to prove the facts necessary to obtain convictions for the crimes pled to, as Merryfield attempts to do in this appeal, but to the failure of the alleged facts to establish an element of the crimes in question.

The defendant in *Johnson* challenged the lack of facts necessary to establish the element of "asportation" in a charge of armed robbery. The "relevant facts" regarding the defendant's conduct, however, were not in dispute. *See Johnson*, 207 Wis. 2d at 242, 558 N.W.2d at 376. The court noted that the State conceded "that neither the complaint nor the plea hearing statements provide a factual predicate for the element of asportation. There is no factual basis to support a finding that either Ball's automobile or its keys were ever moved, even slightly." *Id.* The court considered the single issue before it to be "whether a person may be convicted of armed robbery when the property at issue is an automobile and the person does not move the automobile." *Id.* at 245, 558 N.W.2d at 377. It concluded that he or she could not be. *See id.* at 248, 558 N.W.2d at 378.

Similarly, the facts reviewed in *[George] Smith* were not in dispute. *See [George] Smith*, 202 Wis. 2d at 23, 549 N.W.2d at 233. The defendant entered an *Alford* plea to child enticement, having initially been

charged with second-degree sexual assault for having sexual contact with a sixteen-year-old without her consent, through use of or threat of force. *See id.* The crime of child enticement, however, required the victim to be less than sixteen years old, if the enticement charge was predicated on the defendant's intent to have sexual contact or intercourse with a child. *See* §§ 948.07(1) and 948.02(2), STATS., 1993–94. The supreme court concluded that the trial court could not have found the "strong proof of guilt" required to support an *Alford* plea, given that it was undisputed that the victim of Smith's crime was "in fact 16 years old." *[George] Smith*, 202 Wis. 2d at 28, 549 N.W.2d at 235.

Thus, these two precedents, in which the supreme court determined that the undisputed facts before it did not constitute the crimes pled to, are of no assistance to Merryfield on the present record.

We emphasize that we do *not* deem Merryfield's stipulation that a factual basis existed for his pleas to be grounds for judicial estoppel of his arguments on appeal, although "the ingredients for judicial estoppel might well exist in this case." *See State v. Mendez,* 157 Wis. 2d 289, 294, 459 N.W.2d 578, 580 (Ct. App. 1990) (concluding that "basic principles of justice" preclude the application of the doctrine of judicial estoppel, even though a criminal defendant has conceded the existence of a factual basis for his or her plea). Although Merryfield should not be judicially estopped by his stipulation from raising a proper postconviction challenge to the factual basis for his plea, his guilty plea waived the particular challenge he wishes to make. There is no dispute in this case that if the felony charge in Case No. 95 CF 36 was still pending, Merryfield's conduct did in fact "fall within the statutory definition" of felony bail

jumping. *Cf. id.* (citing *Morones v. State*, 61 Wis. 2d 544, 552, 213 N.W.2d 31, 36 (1973)).[5]

Merryfield also raises a second, separate but related, argument as to why his convictions for felony bail jumping should be set aside. He claims that the State's failure to acknowledge that the felony charge in Case No. 95 CF 36 was dismissed at the August 10, 1995 hearing, constitutes a breach of the original plea agreement between him and the State. Merryfield argues that he is entitled to "specific performance" of that plea agreement, which would result in a retroactive dismissal of the felony charge, and thus require that the felony bail jumping convictions for his subsequent actions be vacated. In support, he cites *State v. Knox*, 213 Wis. 2d 318, 321, 570 N.W.2d 599, 600 (Ct. App. 1997), where we noted that a defendant has a "due process right to enforcement of a negotiated plea agreement upon which he relied."

█

Like his claim that the felony charges were in fact dismissed on August 10, 1995, however, Merryfield's claim that the State breached the original plea agreement comes too late. A defendant waives the right to

---

[5] The State also argues that the trial court's adoption, in its postconviction decision, of the State's position that the felony charge was still pending in Case No. 95 CF 36 after the August 10, 1995 hearing, constitutes a finding by the court that a factual basis existed for the felony bail jumping charges, and that this finding was not clearly erroneous. *See* n.4, above. We do not rest our decision to affirm on that basis, however, because we conclude that Merryfield cannot raise a factual dispute regarding his guilt or innocence following a plea of guilty. *Cf. State v. Spears*, 147 Wis. 2d 429, 444, 433 N.W.2d 595, 602 (Ct. App. 1995) (noting that "the court's task in assessing the factual basis for a plea is not to search for evidence of innocence").

object to an alleged breach of a plea agreement when he or she "fails to object and proceeds to sentencing after the basis for the claim of error is known to the defendant." *State v. [Mickey Lee] Smith*, 153 Wis. 2d 739, 741, 451 N.W.2d 794, 795 (Ct. App. 1989) (citing *Grant v. State*, 73 Wis. 2d 441, 447, 243 N.W.2d 186, 190 (1976)).

Merryfield was well aware of a potential claim that the State had not honored the original plea agreement when he entered his guilty pleas to the felony bail jumping charges on February 23, 1996. Some seven weeks prior to his pleas, on January 2, 1996, he and his attorney were present in court when the issue of the plea negotiations and the status of the felony charge in Case No. 95 CF 36 was discussed by the court and both counsel. After the prosecutor told the court that the felony charge was still pending, Merryfield's counsel responded:

> Judge, I honestly do not have independent recollection of what occurred on that particular date [August 10, 1995]. . . . Now, whether or not Count 2 [the felony] was actually dismissed at the time of the plea or whether it was conditional I honestly don't know. I have to check the record and my notes do not indicate one way or the other.

Thereafter, on February 16, 1996, Merryfield filed a motion to withdraw his plea of no contest to the misdemeanor charge in 95 CF 36 on the grounds that his plea on August 10, 1995, had been contingent on the court's dismissal of the felony count in that case. That motion, however, was abandoned when Merryfield agreed the issue was "resolved" by the comprehensive plea agreement on all pending charges on February 23, 1996.

Thus, the grounds for objecting to the State's alleged noncompliance with the original plea agreement were known to Merryfield, and his motion raising the issue was withdrawn, at the time he entered pleas and was sentenced on the convictions before us. We conclude, as we did in *[Mickey Lee] Smith*, "that by failing to object . . . on the ground of the breached plea agreement when the basis for that objection was known, [Merryfield] has waived his right of review on that issue." *[Mickey Lee] Smith*, 153 Wis. 2d at 741, 451 N.W.2d at 795.

## CONCLUSION

For the reasons discussed above, we affirm the judgments of conviction for felony bail jumping and the order denying postconviction relief.

*By the Court.*—Judgments and order affirmed.