#25865-a-LSW

**2012 S.D. 7**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

STATE OF SOUTH DAKOTA,                    Plaintiff and Appellee,

    v.

CHRIS L. JONES,                           Defendant and Appellant.


* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE  THIRD JUDICIAL CIRCUIT
BROOKINGS COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE DAVID R. GIENAPP
Judge

* * * *

MARTY J. JACKLEY
Attorney General

DONALD E. TINKLEPAUGH
Assistant Attorney General
Pierre, South Dakota                      Attorneys for plaintiff
                                        and appellee.


RICK A. RIBSTEIN of
McCann, Ribstein, & McCarty, PC
Brookings, South Dakota                   Attorneys for defendant
                                        and appellant.


* * * *

ARGUED OCTOBER 4, 2011

OPINION FILED **02/01/12**

#25865

WILBUR, Justice

[¶1.]    Chris Jones entered into a plea agreement with the State. Under the terms of the plea agreement, Jones agreed to plead guilty to three counts of second-degree rape and one count of kidnapping. After sentencing, Jones filed a motion to reconsider the sentence based upon an alleged violation of the plea agreement by the State. The trial court granted the motion and held a resentencing hearing. At the hearing, the trial court denied Jones's oral motion for a different sentencing judge. Jones appeals, arguing that he was entitled to resentencing before a different judge and that his sentence is cruel and unusual punishment. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

[¶2.]    Jones confessed to raping three women during a two-month period in Brookings County, South Dakota. Following his confession, the State charged Jones in a nine-count indictment. Before trial, the State wrote Jones's counsel a letter containing a proposed plea agreement. Under the proposed plea agreement, the State would dismiss five of the charges against Jones in exchange for Jones's guilty plea to the four remaining counts. Specifically, the letter provided:

> In order to avoid the trial and further emotional trauma to the three victims, on behalf of the State I would propose that Jones enter pleas of guilty to Counts 2, 4, 5, and 7 with the remaining 5 Counts being dismissed. Additionally, *the State would recommend a cap of seventy (70) years maximum*. That is not to exceed seventy (70) years of unsuspended penitentiary time. Of course this would be only a recommendation, but I do not believe [the trial court judge] has ever gone beyond that which the State has recommended as a cap and it certainly could be less.

(Emphasis added.)

[¶3.] Jones accepted the plea agreement and entered guilty pleas. The State placed the final plea agreement on the record at the change of plea hearing. However, approximately six weeks later at sentencing, the State failed to verbalize the plea agreement. Jones did not object to the State's failure to verbalize the agreement.

[¶4.] Three weeks after sentencing, Jones filed a motion to reconsider the sentence. In reviewing the motion, the trial court found that the State's failure to verbalize the plea agreement to the court at the time of sentencing was a material breach of the plea agreement and granted Jones's motion. At resentencing, Jones made an oral motion for a new sentencing judge. Jones cited three decisions by this Court for the proposition that the remedy for a breach of a plea agreement is resentencing before a different judge. The trial court denied the motion. At resentencing, Jones received a sentence totaling 15 years less than his first sentence, but still in excess of the 70 years the State recommended pursuant to the plea agreement.

## ANALYSIS

[¶5.] **1. According to *Puckett v. United States*, we review for plain error a forfeited claim that the State has violated the terms of a plea agreement.**

[¶6.] Before determining the merits of Jones's argument, we must first determine the appropriate standard of review. Both parties assert that this is a constitutional issue which this Court should review de novo. Despite the parties' agreement, "[o]nce appellate jurisdiction is established . . . *the court has to decide . . . under what framework, scrutiny, or division of labor it will review* [the issues]."

*Oldham-Ramona Sch. Dist. No. 39-5 v. Ust*, 502 N.W.2d 574, 580 (S.D. 1993) (emphasis added) (quoting 1 Steven A. Childress & Martha S. Davis, Federal Standards of Review § 1.03 (1992)).  In deciding the appropriate standard of review, "[w]e repeatedly define or refine standards of review as new issues come before us and apply those standards to the cases in controversy we are reviewing." *Id.*  As a result of the United States Supreme Court decision *Puckett v. United States*, 556 U.S. 129, 129 S. Ct. 1423, 173 L. Ed. 2d 266 (2009), we reassess our standard of review for appeals involving a prosecutorial breach of a plea agreement.

[¶7.]	In *Puckett*, the Supreme Court held that the automatic reversal rule described in *Santobello v. New York*, 404 U.S. 257, 92 S. Ct. 495, 30 L. Ed. 2d 427, only applies "when objection to the Government's breach of a plea agreement has been preserved . . . ." *Puckett,* 556 U.S. at ___, 129 S. Ct. at 1432.  There has been some disagreement on this Court as to whether *Santobello* always requires resentencing before a different trial court judge.  *See, e.g., State v. Bracht,* 1997 S.D. 136, 573 N.W.2d 176 (Miller, C.J., concurring in part and dissenting in part) (Gilbertson, J. concurring in part and dissenting in part).  However, we do not need to revisit whether *Santobello* always requires resentencing before a different judge in order to resolve this case if Jones did not timely object.  According to *Puckett*, if the appellant did not make a timely objection at sentencing to an alleged breach of a plea agreement, the claim is forfeited and the lower court's sentence is reviewed for plain error according to Federal Rule of Civil Procedure 52(b).  *Puckett,* 556 U.S. at ___, 129 S. Ct.  at 1433.

[¶8.]       South Dakota has adopted Rule 52(b), and this Court, like the United States Supreme Court, has applied plain error review to issues "not preserved for appellate review." *State v. Thomas*, 2011 S.D. 15, ¶ 14, 796 N.W.2d 706, 711; *see also* SDCL 23A-44-15. Therefore, in order to determine whether or not we review for plain error according to *Puckett* and SDCL 23A-44-15, we must first determine whether Jones has preserved the issue for review.

[¶9.]       **2.      Because Jones did not contemporaneously object to the State's violation of the plea agreement, he forfeited his claim.**

[¶10.]      To preserve a breach of plea agreement claim for appeal, the Supreme Court in *Puckett* required a "contemporaneous objection" to the prosecutorial breach at the trial level. *See Puckett,* 556 U.S. at ___, 129 S. Ct. at 1429 ("Failure to abide by this contemporaneous-objection rule ordinarily precludes the raising on appeal of the unpreserved claim of trial error."). Jones did not object to the State's breach of the plea agreement at sentencing. Rather, Jones filed a motion to reconsider the sentence approximately three weeks after the trial court's initial sentence.

[¶11.]      The Eighth Circuit Court of Appeals decision in *United States v. Smith* provides further guidance as to what constitutes a "contemporaneous objection." 590 F.3d 570 (8th Cir. 2009). The defendant in *Smith*, like Jones, did not object to the prosecutor's alleged breach at the sentencing hearing. *Id.* at 576. On appeal, the defendant argued that despite his failure to object at sentencing, the court should review his appeal de novo because "the district court addressed the merits of [the defendant's] claim in its order addressing [the defendant's] motion for release

pending appeal" and thus he adequately preserved the claim for appeal. *Id.* The

court rejected this argument, reasoning:

> The Supreme Court in *Puckett* made clear that in order to obtain
> a de novo review on appeal of a breach of plea agreement claim,
> a defendant must raise such an objection at the time of
> sentencing to allow the district court the opportunity to correct
> the alleged error. . . . Applying a de novo review to [the
> defendant's] claim absent a contemporaneous objection at the
> time of sentencing would also undermine the concern expressed
> by the Supreme Court in *Puckett* that litigants in this situation
> would be encouraged to "sandbag" and raise the error only if the
> result is not in their favor.

*Id.* at 577.

[¶12.]      Here, as in *Smith*, Jones did not object at sentencing and give the trial

court the opportunity to correct the alleged error before imposing a sentence.

Moreover, if we treated Jones's motion to reconsider as timely and reviewed his

appeal de novo, we would ratify Jones's decision to "wait[] to see if the sentence . . .

strikes him as satisfactory" before raising his objection. *See Puckett,* 556 U.S. at

___, 129 S. Ct. at 1431. Consequently, we conclude that Jones's motion to

reconsider does not qualify as a contemporaneous objection and we review for plain

error.

[¶13.]      **3.      Jones has not demonstrated that the violation of the plea
                       agreement resulted in plain error.**

[¶14.]      "We invoke our discretion under the plain error rule cautiously and

only in 'exceptional circumstances.'" *State v. Bowker*, 2008 S.D. 61, ¶ 46, 754

N.W.2d 56, 70 (quoting *State v. Robinson*, 1999 S.D. 141, ¶ 17, 602 N.W.2d 730,

735). "To demonstrate plain error, [the appellant] must establish that there was:

'(1) error, (2) that is plain, (3) affecting substantial rights; and only then may we

exercise our discretion to notice the error if (4) it seriously affect[s] the fairness,

integrity, or public reputation of the judicial proceedings.'" *State v. Beck*, 2010 S.D. 52, ¶ 11, 785 N.W.2d 288, 293 (quoting *State v. Mulligan*, 2007 S.D. 67, ¶ 26, 736 N.W.2d 808, 818); *see also Puckett*, 556 U.S. at ___, 129 S. Ct. at 1426 (applying the same plain error standard of review).

[¶15.]     In its order granting Jones's motion to reconsider, the trial court found that the State's failure to verbalize the plea agreement to the trial court at the time of sentencing constituted a material breach of the plea agreement.* We agree. If the State enters into a plea agreement to recommend a particular sentence, the State must make the recommendation at sentencing. *Vanden Hoek v. Weber*, 2006 S.D. 102, ¶ 24, 724 N.W.2d 858, 864-65. Thus, under the precedent of this Court, Jones has established that there was (1) error and (2) that it was plain.

[¶16.]     Jones has also established that the breach implicated his substantial rights. As we have previously noted, "[o]nce an accused agrees to plead guilty in reliance upon a prosecutor's promise to perform a future act, the accused's due process rights demand fulfillment of the bargain." *Id.* ¶ 14 (quoting *State v. Waldner*, 2005 S.D. 11, ¶ 13, 692 N.W.2d 187, 191-92). However, Jones has failed to make an additional showing of prejudice as required under the third prong of plain error review. *See U.S. v. Olano*, 507 U.S. 725, 735, 113 S. Ct. 1770, 1778, 123 L. Ed. 2d 508 (1993); *see also Bowker*, 2008 S.D. 61, ¶ 46, 754 N.W.2d at 70 (citing *State v.*

---

\*     Jones also argues that State's comments at sentencing went beyond what was contemplated by the plea agreement. The trial court disagreed that the comments violated the plea agreement which stated, in pertinent part, "[f]inally, the State would retain the opportunity to make a statement at the time of sentencing." We agree with the trial court that the State's comments did not violate the plea agreement.

*Nelson*, 1998 S.D. 124, ¶ 7, 587 N.W.2d 439, 443) ("When plain error is alleged, the defendant bears the burden of showing the error was prejudicial.").

[¶17.]    Specifically, Jones has not shown that the State's error affected the outcome of the proceedings where, as in this case, the trial court, after finding that there had been a material breach of the plea agreement used its discretion to grant Jones's motion to reconsider.  At resentencing, the State fulfilled the terms of the plea agreement by explicitly setting forth the terms of the plea agreement including its recommendation of a 70-year cap.  Without prejudice, the error does not "affect substantial rights" under the third prong of plain error review and "[an appellate court] ha[s] no authority to correct it."  *Olano,* 507 U.S. at 741, 113 S. Ct. at 1781.  We need not reach the issue of whether the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings.

[¶18.]    **4.    Jones's sentence is not cruel and unusual punishment.**

[¶19.]    Jones's second issue on appeal is whether his sentence violates either the United States Constitution or the South Dakotas Constitution's prohibition of cruel and unusual punishment.  "[W]hen a sentence is challenged on constitutional grounds as being cruel and unusual, we apply the proportionality standard from *State v. Bonner*, 1998 S.D. 30, 577 N.W.2d 575."  *State v. Overbey*, 2010 S.D. 78, ¶ 13, 790 N.W.2d 35, 40.  In *Bonner*, we stated that "to assess a challenge to proportionality we first determine whether the sentence appears grossly disproportionate.  To accomplish this, we consider the conduct involved, and any relevant past conduct, with utmost deference to the Legislature and the sentencing court.  If these circumstances fail to suggest gross disproportionality, our review

ends." *Bonner*, 1998 S.D. 30, ¶ 17, 577 N.W.2d at 580. In keeping with giving the Legislature the utmost deference, "we rarely overturn sentences within the statutory maximum." *State v. McKinney*, 2005 S.D. 74, ¶ 26, 699 N.W.2d 460, 468.

[¶20.] The trial court imposed consecutive sentences of 25 years for two counts of second-degree rape; 30 years for a third count of second-degree rape; and 75 years for kidnapping, with 55 of those years suspended, to run concurrent with the rape sentences. This sentence is well within the statutory maximum. Under the statutory maximum, the trial court could have sentenced Jones to 50 years for each of the rape convictions and a life sentence for the kidnapping conviction. *See* SDCL 22-6-1(4) (providing that the maximum penitentiary sentence for Class 1 felonies, which includes second-degree rape, is 50 years imprisonment); SDCL 22-6-1(3) (providing that the maximum penitentiary sentence for Class C felonies, which include kidnapping, is life imprisonment).

[¶21.] Moreover, the sentence is not grossly disproportionate given Jones's conduct. In arriving at Jones's sentence, the trial court balanced Jones's poor upbringing with his crimes. The trial court noted that Jones subjected three young women to violent sexual crimes. A psychosexual analysis of Jones determined that Jones was at a high risk for reoffending. Given Jones's conduct, and that the sentence is well within the statutory maximums for his crimes, the sentence is not grossly disproportionate.

[¶22.] Affirmed.

[¶23.] GILBERTSON, Chief Justice, and KONENKAMP, ZINTER, and SEVERSON, Justices, concur.