#26304, #26306-a-DG
**2012 S.D. 84**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA
* * * *

(#26304)

STATE OF SOUTH DAKOTA,                    Plaintiff and Appellee,

    v.

TYLER OLVERA,                             Defendant and Appellant.

------------------------------------------------------------------------------------------------------

(#26306)

STATE OF SOUTH DAKOTA,                    Plaintiff and Appellee,

    v.

TYLER MUGGINS OLVERA,                     Defendant and Appellant.

* * * *

APPEALS FROM THE CIRCUIT COURT OF
THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE WALLY EKLUND
Judge

* * * *

MARTY J. JACKLEY
Attorney General

FRANK GEAGHAN
Assistant Attorney General
Pierre, South Dakota                      Attorneys for plaintiff
                                          and appellee.


ARNOLD D. LAUBACH, JR.
Pennington County Public Defender's Office
Rapid City, South Dakota                  Attorneys for defendant
                                          and appellant.

* * * *

CONSIDERED ON BRIEFS
ON NOVEMBER 6, 2012
OPINION FILED **12/05/12**

#26304, #26306

GILBERTSON, Chief Justice

[¶1.] Tyler Olvera appeals his sentences for DUI (fifth offense) and Distribution of a Controlled Substance. Olvera argues that the Office of the Attorney General breached the plea agreement when, at sentencing, it initially argued against concurrent sentences, but then, when made aware of the plea agreement, it withdrew its argument against concurrent sentences. Because Olvera did not contemporaneously object to the alleged violation of the plea agreement, and does not establish that the alleged error caused him prejudice, the sentences are affirmed.

## FACTS

[¶2.] Olvera was arrested on June 12, 2011, for DUI. He was later indicted and charged with felony DUI (fifth offense) and misdemeanor Driving Under Revocation. A week after this indictment, he was charged by indictment on two counts of Distribution of a Controlled Substance. The Pennington County State's Attorney prosecuted the DUI charge (appeal #26304) and the Attorney General's office prosecuted the distribution charges (appeal #26306).

[¶3.] A plea agreement was reached in both cases. Pursuant to the agreements, the state's attorney's office agreed to dismiss the Driving Under Revocation charge and agreed to recommend that the DUI sentence run concurrent to the sentence imposed for the distribution charges. The Attorney General's office agreed to dismiss one of the distribution charges, cap its sentence request at five years in the penitentiary, and to not object to the sentence being served concurrent to the DUI charge.

[¶4.] At Olvera's sentencing hearing, the Attorney General's office[*] initially argued against running the sentences concurrently. Olvera's counsel then pointed out an email setting forth the plea agreement. The Assistant Attorney General then changed his argument, indicating that he was recommending concurrent sentences. The record contains no indication that Olvera's counsel objected to the Assistant Attorney General's initial argument. In fact, the sentencing transcript contains no interjection from defense counsel during the Assistant Attorney General's remarks. The circuit court sentenced Olvera to six years for the DUI and five years for the Distribution of Controlled Substance charge, the sentences to be served consecutively.

[¶5.] On appeal, Olvera argues that the State breached the plea agreement, requiring that the sentences in both cases be vacated and the cases remanded for resentencing in front of a different judge.

### ANALYSIS AND DECISION

[¶6.] Olvera relies on this Court's decision in *State v. Morrison*, 2008 S.D. 116, 759 N.W.2d 118. In *Morrison*, the plea agreement called for the State to refrain from objecting to the defendant's request for a suspended imposition of sentence. *Id.* ¶ 2. At the sentencing hearing, the prosecutor expressed his dissatisfaction with the defendant's rendition of the facts provided during the presentence investigation. *Id.* ¶ 3. That dissatisfaction included reminding the sentencing court that it was not bound to suspend imposition of sentence. *Id.* On

---

[*] The Assistant Attorney General appearing at the sentencing was not the same Assistant Attorney General who had brokered the plea agreement.

appeal, defendant argued that the State had breached the plea agreement. *Id.* ¶ 1.

This Court identified the issue as follows: "The inquiry is not whether or not the

trial court was affected by the breach of the agreement, but whether the state's

attorney met his or her obligation." *Id.* ¶ 6 (quoting *State v. Waldner*, 2005 S.D. 11,

¶ 12, 692 N.W.2d 187, 191). This Court noted that, in these situations, the

defendant is typically not required to establish prejudice.

> In order to preserve the integrity of plea bargaining procedures
> and public confidence in the criminal justice system, a petitioner
> is generally entitled to the enforcement of a plea agreement
> without showing a tangible harm resulting from that breach.
> Because the State breached the plea agreement, [defendant] was
> not afforded a fair and reliable sentencing proceeding.

*Id.* ¶ 12 (internal quotation marks and citations omitted). This Court reversed the

sentence and remanded for resentencing by a new judge. *Id.* ¶ 13.

[¶7.] *Morrison* involved a situation in which the defendant's counsel

contemporaneously objected to the prosecution's breach of the plea agreement

during the sentencing hearing. *Id.* ¶ 3. The current record contains no indication

that Olvera's counsel objected, nor does Olvera indicate any objection was made, to

the Assistant Attorney General's alleged breach. We have recently noted the

importance of this distinction. In *State v. Jones*, 2012 S.D. 7, 810 N.W.2d 202, this

Court analyzed the United States Supreme Court decision *Puckett v. United States,*

556 U.S. 129, 129 S. Ct. 1423, 173 L. Ed. 2d 266 (2009), regarding the importance of

a contemporaneous objection to an alleged breach of a plea agreement. "According

to *Puckett*, if the appellant did not make a timely objection at sentencing to an

alleged breach of a plea agreement, the claim is forfeited and the lower court's

sentence is reviewed for plain error according to Federal Rule of Civil Procedure

52(b)." *Jones*, 2012 S.D. 7, ¶ 7, 810 N.W.2d at 204-05 (citing *Puckett*, 556 U.S. at 142-43, 129 S. Ct. at 1433).

[¶8.]    "To preserve a breach of plea agreement claim for appeal, the Supreme Court in *Puckett* required a 'contemporaneous objection' to the prosecutorial breach at the trial level." *Id.* ¶ 10.  Here, as in *Jones*, Olvera did not make a contemporaneous objection at sentencing.  Therefore, we analyze the circuit court's sentence for plain error.  *See id.* ¶ 12.

[¶9.]    This Court's review under the plain error doctrine is well-settled.

> We invoke our discretion under the plain error rule cautiously and only in exceptional circumstances.  To demonstrate plain error, the appellant must establish that there was: (1) error, (2) that is plain, (3) affecting substantial rights; and only then may we exercise our discretion to notice the error if (4) it seriously affects the fairness, integrity, or public reputation of the judicial proceedings.

*Id.* ¶ 14 (internal quotation marks and citations omitted).

[¶10.]    The first inquiry is the presence of error.  Olvera argues that the comments made by the Attorney General's office constitute a material breach of the plea agreement.  In support, Olvera relies on this Court's *Morrison* decision, as addressed above.

[¶11.]    The State argues that the Attorney General's recantation of the initial argument against concurrent sentences, coupled with the subsequent recommendation for concurrent sentences, cured any potential breach.  Therefore, according to the State, there has been no substantial or material breach of the plea agreement.  In support, the State cites *State v. Knox*, a Wisconsin case with similar facts.  570 N.W.2d 599 (Wis. Ct. App. 1997).  In *Knox*, the court found that the

prosecutor's "initial request for a sentence harsher than called for by the [plea] agreement" was not a substantial breach. *Id.* at 600. There is, however, authority to the contrary. *See, e.g., State v. Fannon*, 799 N.W.2d 515, 522 (Iowa 2011) (finding that a breach of a plea agreement could not be cured by the "withdrawal of the improper remarks").

[¶12.] Assuming without deciding that the Assistant Attorney General's comments constituted a breach, a breach of the plea agreement establishes "(1) error and (2) that it was plain." *Jones*, 2012 S.D. 7, ¶ 15, 810 N.W.2d at 206. As in *Jones*, finding a breach also implicates the defendant's substantial rights. *See id.* ¶ 16. "Jones has also established that the breach implicated his substantial rights. As we have previously noted, '[o]nce an accused agrees to plead guilty in reliance upon a prosecutor's promise to perform a future act, the accused's due process rights demand fulfillment of the bargain.'" *Id.* (quoting *Vanden Hoek v. Weber*, 2006 S.D. 102, ¶ 14, 724 N.W.2d 858, 863).

[¶13.] Under the third prong of plain error analysis, however, Olvera must establish prejudice. In *Jones*, the defendant was unable to establish prejudice because subsequent to the breach, proceedings were conducted wherein the State did not breach the plea agreement.

> Jones has not shown that the State's error affected the outcome of the proceedings where, as in this case, the trial court, after finding that there had been a material breach of the plea agreement used its discretion to grant Jones's motion to reconsider. At resentencing, the State fulfilled the terms of the plea agreement by explicitly setting forth the terms of the plea agreement[.]

*Id.* ¶ 17. Here, however, no such motion for reconsideration was made. After hearing from all parties, including the Assistant Attorney General's remarks both for and then against consecutive sentences, the circuit court imposed the sentences, which included that the sentences be served consecutively. That no subsequent proceedings were conducted where the plea agreement was followed does not relieve Olvera from establishing prejudice. As the Supreme Court stated in *Puckett*, "[T]he defendant whose plea agreement has been broken by the Government will not always be able to show prejudice, either because he obtained the benefits contemplated by the deal anyway (*e.g.*, the sentence that the prosecutor promised to request) or because he likely would not have obtained those benefits in any event (as is seemingly the case here)." 556 U.S. at 141-42, 129 S. Ct. at 1432-33.

[¶14.]     Olvera has made no attempt to show prejudice, nor is prejudice apparent from the record. Absent such a showing, Olvera's argument fails. "Without prejudice, the error does not 'affect substantial rights' under the third prong of plain error review and '[an appellate court] ha[s] no authority to correct it.'" *Jones*, 2012 S.D. 7, ¶ 17, 810 N.W.2d at 206 (quoting *United States v. Olano*, 507 U.S. 725, 741, 113 S. Ct. 1770, 1781, 123 L. Ed. 2d 508 (1993)).

## Conclusion

[¶15.]     Whether or not the State breached the plea agreement, Olvera made no contemporaneous objection to the alleged breach at the sentencing hearing. This Court therefore analyzes for plain error. Under a plain error analysis, Olvera does not establish that he was prejudiced by the alleged breach; therefore his argument fails.

[¶16.]     Affirmed.

[¶17.]     KONENKAMP, ZINTER, SEVERSON, and WILBUR, Justices, concur.